Zeilinski *v.* The State.

---

## ZEILINSKI *v.* THE STATE.

[No. 18,591.    Filed April 28, 1898.]

From the St. Joseph Circuit Court. *Reversed.*

*J. E. Talbot* and *J. W. Talbot*, for appellant.

*William A. Ketcham*, Attorney-General, for State.

HACKNEY, J.—The appellant was charged, tried, and convicted of petit larceny and his sentence was to confinement in the Indiana reformatory for a period of not less than one nor more than three years. At the trial, by instructions asked and refused, and by instructions given and excepted to, the question was presented as to whether the appellant's punishment might be by confinement in the county jail, and by fine and disfranchisement, as provided by section 2007, Burns' R. S. 1894.

Evidently the trial court was of the opinion that the act of 1897 establishing the Indiana reformatory, section 8253 (b), *et seq.*, supplement to Burns' R. S. 1894, had the effect to repeal the provision of section 2007, *supra*, as to the punishment for petit larceny where it may appear that the punishment deserved is by confinement in the county jail. In this conclusion the trial court erred.

In the recent case of *Hicks* v. *State, ante*, 293, this court held that the class of statutes permitting punishment for felonies by imprisonment in the county jail, in lieu of confinement in the State's prison, were not repealed by the indeterminate sentence law, nor by the Indiana reformatory act as to the alternative permitting imprisonment

in the county jail. This case is directly in point, and discloses the error of the trial court in the case before us. See also *Bealer* v. *State, ante,* 391. The judgment is reversed, with instructions for the return of the prisoner to the sheriff of St. Joseph county, and the direction to the lower court to grant a new trial.