Colip v. State.

---

## COLIP v. THE STATE.

[No. 19,057.   Filed December 14, 1899.]

CRIMINAL LAW.—*Larceny.*—*Embezzlement.*—The access, control, or possession of property by an employe as provided in §2022 Burns 1894, defining the crime of embezzlement, means more than mere physical access or opportunity of approach, and a farm hand who, during the absence of his employer, and without his knowledge or consent, broke open a box of wheat belonging to his employer, and removed the wheat therefrom and sold it, is guilty of larceny, and not of embezzlement. *pp. 585-588.*

SAME.—*Indeterminate Sentence Law.*—*Verdict.*—*Larceny.*—A verdict finding accused guilty of larceny, and that he was over sixteen years of age, and under thirty years of age, is a sufficient compliance with the terms of the act of 1897 (Acts 1897, p. 69) requiring the jury to "find and state whether or not the defendant is over sixteen years of age, and less than thirty years of age." *pp. 588, 589.*

Colip *v.* State.

CRIMINAL LAW.—*Indeterminate Sentence Law.—Verdict.—Evidence.*
—A new trial will not be granted on account of the failure of the
evidence to support the finding of the jury that accused was over
sixteen, and less than thirty years of age, as such finding has noth-
ing to do with the question of his guilt or innocence, but simply
determines the place of his confinement. *pp. 589, 590.*

SAME.—*Verdict.—Larceny.*—Where accused was charged in the in-
formation with the crime of petit larceny, a verdict finding that
he was "guilty as charged in the indictment" was equivalent to
a finding that he was guilty of petit larceny, and the misnomer of
the information was a mere irregularity, by which defendant was
not prejudiced. *p. 590.*

SAME.—*Larceny.—Fines.—Indeterminate Sentence Law.*—That por-
tion of §2007 Burns 1894, making a fine not exceeding $500 a part
of the penalty for the offense of petit larceny, was not repealed by
the indeterminate sentence law. *p. 590.*

From the Hamilton Circuit Court.    *Affirmed.*

*S. D. Stuart* and *C. G. Reagan,* for appellant.

*Wm. L. Taylor,* Attorney-General, *C. C. Hadley, Merrill
Moores* and *John E. Garver,* for State.

DOWLING, J.—Information founded upon an affidavit
charging appellant with the crime of petit larceny. Trial by
jury. Verdict of guilty. Motion for a new trial overruled,
and judgment on verdict that appellant be committed to the
care and custody of the board of managers of the Indiana Re-
formatory, etc., that the State of Indiana recover from the
appellant the sum of $1 as a fine, and that he pay all costs,
etc.

The only error discussed on this appeal is the ruling of the
court on the motion for a new trial. It is insisted that the
verdict and judgment, respectively, are "contrary to law" and
"contrary to the evidence."

The first point made is that the appellant, if guilty at all,
was guilty of the crime of *embezzlement,* and not of larceny.

The evidence shows that he boarded and lodged at the resi-
dence of the prosecuting witness on a farm, and that occa-
sionally he did small jobs of work for said witness, such as
feeding and caring for live stock, building fences, hauling

manure and the like. During the temporary absence from home of the prosecuting witness, appellant, who remained on the farm with the family of the prosecuting witness, without the knowledge or consent of the prosecuting witness, or of any of his family, broke open a large box containing a lot of wheat belonging to the prosecuting witness, and removed some twelve bushels therefrom, which he hauled away and sold. Afterward, when charged with taking the wheat, he denied it.

Counsel for appellant contend that the appellant was the servant, or employe of the prosecuting witness, that, as such servant or employe, he had access to the wheat, and that his felonious appropriation of the same fell within the provisions of §2022 Burns 1894, defining the crime of embezzlement, the substance of which may be thus stated:

Every servant or employe of any person, who, having access to, control, or possession of, any article or thing of value to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete, or in any way whatever appropriate to his own use any property, or thing of value belonging to, or held by, such person, in whose employment said servant or employe may be, shall be deemed guilty of embezzlement, and, upon conviction thereof, shall be imprisoned, etc.

The access to, control, or possession of property of the servant or employe intended by the statute, is such access to, control, or possession as arises from the nature of the employment with reference to the particular article of property feloniously appropriated. Something more than mere physical access, or opportunity of approach to the thing, is required. There must be a relation of special trust in regard to the article appropriated, and it must be by virtue of such trust that the servant has access to, or control, or possession of it. No such relation of trust exists between a farm hand and his employer, with reference to the master's wheat or other farm products with which the servant is not entrusted

for the purpose of safekeeping, carriage, delivery, or sale. If such a servant feloniously purloins, secretes, or otherwise appropriates the property of the master, such taking is larceny, and not embezzlement.

Even where the servant has the care and oversight of property belonging to the master, the felonious appropriation of it by the servant is larceny. The law in such cases is thus stated by an eminent author:

"If a servant, who has merely the care and oversight of the goods of his master,—as the butler of plate, a messenger or runner of money or goods, a hostler of horses, the shepherd of sheep, and the like,—convert such goods to his own use, without his master's consent, this is a larceny at common law; because the goods, at the time they are taken, are deemed in law to be in the possession of the master, the possession of the servant in such a case being the possession of the master.

"Thus where A, going on a journey, left his shop in the care of the defendant under the superintendence of A's brother, and the latter, on account of the defendant's drunkenness, dismissed him; and A, on returning, found his goods missing, and pursuing the defendant, overtook him with some of them in his possession the court sustained a conviction. * * * · The rule may be amplified by saying that where one having only the care, charge, or custody of property for the owner converts it *animo furandi*, it is larceny. * * * A clerk taking money or goods from his employer's safe, till, or shelves is guilty of larceny, unless it appear that he is specially authorized to dispose of such money or goods at his discretion." Wharton's Crim. Law (8th ed.), §§956, 957, 960.

It is said by the same author that, "Embezzlement is an intentional and fraudulent appropriation of the goods of another by a person intrusted with the property of the same. In the common law definition of larceny, we must remember, there are two gaps through which, in the expansion of busi-

ness, many criminals escaped. The first of these gaps is caused by the position that to maintain larceny it is necessary that the stolen goods should have been at some time in the prosecutor's possession. The second results from the assumption that when possession of goods is acquired *bona fide* by a bailee, no subsequent fraudulent conversion (unless there be breaking of bulk or some other rupture of the conditions of bailment) can be larceny while the bailment lasts. To cure these defects were passed the embezzlement statutes of England, and of most of the United States. These statutes were intended simply to establish two new cases of larceny. If a servant (and this is the first of the two) steals his master's goods *before they have come into his master's possession,* he, the servant, shall be guilty of larceny. And the second is, that it shall be larceny for a trustee or bailee to fraudulently convert to his own use his master's goods he may have *bona fide* received. Now, as neither of these cases is larceny at common law, the statutes of embezzlement in no way overlap the old domain of larceny. They were passed solely and exclusively to provide for cases which larceny at common law did not include. Hence, nothing that is larceny at common law is larceny under the embezzlement statutes; and nothing that is larceny under the embezzlement statutes is larceny at common law." Wharton's Crim. Law (8th ed.), §1009. See, also, §§1905, 1924; Bishop on Crim. Law (4th ed.), §§326-370; *Marcus* v. *State*, 26 Ind. 101; *Smith* v. *State*, 28 Ind. 321.

Under these authorities, it seems clear that the appellant was properly charged with the crime of larceny.

The next point made by counsel for appellant is that the verdict is contrary to law, for the reason that it does not find the exact age of the appellant.

In our opinion, it was not necessary that the verdict should state his exact age. In many cases this might be impossible for want of proof. Besides, the statute does not require it. The provision on that subject is as follows: "In all cases of

felony tried hereafter before any court or jury in this State, if the court or jury find the person on trial guilty of a felony, it shall be the duty of such court or jury to further find and state whether or not the defendant is over sixteen (16) years of age, and less than thirty (30) years of age." Acts 1897, p. 69, §8253i Burns Supp. 1897.

The verdict found that the appellant was over sixteen years of age, and under thirty years of age, and this was a full and literal compliance with the terms of the act of 1897. The object of the statute is attained when the fact is found, generally, that the age of the defendant, at the time of his conviction, is between sixteen years and thirty years. A person between these ages, at the time of conviction, is deemed a proper subject for the Reformatory at Jeffersonville, and, although he may pass the age of thirty years before the expiration of his term, that circumstance alone is not sufficient to require his transfer from the Reformatory to the Indiana State Prison at Michigan City. This construction of section eight of the act of 1897 is sustained by the language of section ten of the same act, which authorizes the board of managers of the Reformatory, "with the consent of the Governor, to transfer temporarily to the Indiana State Prison, any prisoner who, subsequent to his committal, shall be shown to their satisfaction to have been, at the time of his conviction, more than thirty years of age."

It is further objected that there was no evidence as to the age of the appellant, and that, therefore, the verdict is not sustained by the evidence.

We do not regard this omission as a sufficient cause for a new trial. The age of the defendant, in a prosecution for larceny, is not one of the facts charged in the indictment or information. It has nothing to do with the question of the guilt or innocence of the defendant. It is important only with reference to the place in which the defendant shall be confined during the term of his imprisonment. On this point, the verdict or finding of the court is advisory only, and

any error made by the court or jury may be corrected by the board of managers, with the consent of the Governor, and the prisoner transferred to the proper institution. Acts 1897, §10, p. 74, §8253k Burns Supp. 1897.

As these provisions in regard to persons charged with crime, who are less than thirty years of age at the time of conviction, are for the benefit of the defendant, it is his duty to declare or prove his correct age, and if he fails to do so, he cannot complain if the court or jury gives him the benefit of the statute without such proof. In other words, the defendant is not injured by the failure to make the proof, and he cannot predicate error in the proceedings of the court upon a decision in his favor. *May* v. *State*, 140 Ind. 88.

In the next place, counsel say that the verdict does not, as the statute requires, name the crime of which the appellant was found guilty. The verdict found that the appellant was "guilty as charged in the indictment." This, we think, was a sufficient compliance with the law. In the information, the appellant was charged with the crime of petit larceny. The verdict that he was guilty as charged was equivalent to a finding that he was guilty of petit larceny. The misnomer of the information was a mere irregularity by which the appellant was not prejudiced. *Polsom* v. *State*, 137 Ind. 519; *May* v. *State*, 140 Ind. 88.

In the last place, it is claimed that the judgment is erroneous because it includes a fine of $1, as well as the imprisonment provided for in the indeterminate sentence act of 1897. There is nothing in this objection. The section defining petit larceny makes a fine not exceeding $500 a part of the penalty for that offense. This portion of §2007 Burns 1894 was not repealed by the indeterminate sentence act. *Bealer* v. *State*, 150 Ind. 390; *Zeilinski* v. *State*, 150 Ind. 700.

Finding no error in the record, the judgment is affirmed.