## Wynegar v. The State.

[No. 19,682. Filed December 17, 1901.]

EMBEZZLEMENT.—*Appropriation of Money by Bailee.—Agency.—* A person who appropriates to his own use money left in his hands, as bailee, is an agent of the bailor within the meaning of §2022 Burns 1901, which provides that every officer, agent or employe who shall, while in such employment, take any money belonging to such person in whose employment said agent may be shall be deemed guilty of embezzlement.

From Marion Criminal Court; *Fremont Alford,* Judge.

Clyde Wynegar was convicted of embezzlement, and appeals. *Affirmed.*

*H. N. Spaan,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

HADLEY, J.—Appellant was tried upon an indictment containing two counts. The first was an ordinary charge of larceny. The second alleged that appellant upon the 26th day of January, 1901, at and in Marion county and State of Indiana, was then and there acting as agent of Charles Hayes, and as such agent then and there had control and possession of $420 in money the property of said Charles Hayes, to the possession of which money the said Charles Hayes then and there was entitled; that the said appellant while acting as the agent of the said Hayes, and in possession and control of such money as aforesaid, did then and there unlawfully and feloniously and without the consent of said Hayes, purloin, embezzle, and appropriate to his own use all of said money, contrary, etc. Appellant was acquitted on the first and convicted on the second count of the indictment. His only complaint here is that the verdict of the jury was contrary to law and the evidence. The conviction rests upon §2022 Burns 1901, the material part of which reads thus: "Every officer, agent, attorney, clerk, servant, or employe or any person * * * who, having access to, control, or possession of any money * * * to the possession of which his or her employer or employers is or are entitled, shall, while in such employment, take, purloin, secrete, or in any way whatever appropriate to his or her own use * * * any money * * * belonging to * * * such person * * * in whose employment said * * * agent * * * may be, shall be deemed guilty of embezzlement," etc. The uncontroverted facts are, in substance, these: The prosecuting witness, Charles Hayes, a colored man, and common laborer, on the afternoon of Saturday, January 26, 1901, came into the possession of $469. Between 7 and 8 o'clock the same evening he went to the saloon kept by appellant and requested the latter to keep the money for him in the safe until the following Monday morning. Appellant accepted of Hayes $420 of the money as requested and placed it in the safe. Between the time the money was

placed in the safe, and some time on the following day (Sunday), appellant, without the knowledge or consent of Hayes, took the money, left town and appropriated all the money to his own use. About two weeks later appellant was arrested in New Albany.

Upon these facts he was found guilty of embezzlement, and not guilty of larceny. His contention here is that he was not guilty of embezzlement (1) because the prosecuting witness continued to retain at least constructive possession of the money, and that a felonious taking of property when the same is in the possession of the owner is larceny, and not embezzlement, and (2) because he was in no sense the agent of the prosecuting witness within the meaning of the statute above quoted. With respect to the first point we shall not stop to inquire whether these facts would sustain a charge of larceny under a former statute, for if it should turn out that they would, it does not necessarily follow that the conviction under §2022, *supra,* was erroneous. It frequently happens that the same facts fall within the statutory definition of more than one public offense. The legislature has the undoubted right to declare to be criminal, any wilful or wrongful trespass upon the rights of another, and to call the crime by any name it chooses. It may therefore declare to be embezzlement a state of facts which under a former statute constituted larceny. The only material question, then, is whether the facts bring the case within the provisions of the statute under which the appellant was convicted. The term agent is one of wide signification. It is defined to be "one who acts for another by authority from him", Webster's Int. Dict.; "one who undertakes to transact some business, or manage some affair for another, by authority and on account of the latter, and to render an account of it", 1 Am. & Eng. Ency of Law (2nd ed.) 938. The term agent may, therefore, be said to apply to any one who by authority performs an act for another. We have numerous sections in the criminal code which define what shall constitute embez-

zlement in specified cases, and the purpose intended by §2022, *supra,* would seem to be, to embrace all other persons who voluntarily assume to another a relation of trust and confidence; and whether the relation assumed be that of any kind of an officer, or any kind of an agent, attorney, clerk, servant, or employe, if the employment be of a character necessarily to involve confidence, and to afford the opportunity to commit the trespass complained of, it falls within the provisions of said section. The distinction between §2006 defining larceny and §2022 is clear. The larceny provision relates to cases where the property feloniously taken is at the time in the actual possession of the owner, or has been wrongfully obtained from him by fraud, while §2022 relates to cases where the property at the time of the conversion is rightfully in the control or possession of the wrongdoer by virtue of his employment. *Colip* v. *State,* 153 Ind. 584, 74 Am. St. 322; *State* v. *Wingo,* 89 Ind. 204.

Here appellant by authority and employment of Hayes undertook to perform an act of special trust for the latter, namely, to keep his money for him from Saturday to Monday, and then return it. Hayes gave his money to appellant because he believed he was honest, and would observe ordinary care to keep it safely for him, and restore it upon request. The request of itself was sufficient to impart to appellant the knowledge that the money was offered in a spirit of confidence, and when appellant accepted it upon the terms proposed, he impliedly promised to perform faithfully what he had undertaken. We grant the contention that appellant was a naked bailee, but this does not affect the question. He was also an agent within the meaning of the statute, and the absence of a consideration gave appellant no license to appropriate the money. Judgment affirmed.