## TOM BURK v. THE STATE.

No. 3340. Decided June 13, 1906.

**1.—Embezzlement—Circumstantial Evidence—Confession.**

Upon trial for the embezzlement of a horse, where the defendant made a confession that he and the agent of the owner of the horse appropriated the same, there was no error in the court failing to charge on circumstantial evidence.

**2.—Same—Venue.**

Where upon trial for the embezzlement of a horse, the evidence showed that the defendant acting with others as principal embezzled a horse in H. County and shipped the same by railway through D. County, the venue would be in D. County, whether he actually accompanied such embezzled horse through D. county or not.

**3.—Same—Confessions—Corpus Delicti—Refused Charge.**

Where upon trial for the embezzlement of a horse the evidence showed that the defendant took the property, besides other testimony connecting him with the offense, the court was not called on to submit defendant's special instruction that he could not be convicted on his confessions alone.

**4.—Same—Several Counts—Election—Charge of Court.**

Where upon trial for the embezzlement of a horse, upon an indictment containing six counts, where the court submitted only two counts, there was no error in failing to instruct the jury that they could not convict on the other four counts; as the court's charge was equivalent to an election by the State of the two counts submitted.

**5.—Same—Agency of Codefendant—Confession—Particeps Criminis.**

Where upon trial for the embezzlement of a horse, the evidence showed not only circumstances tending to connect the agent of the owner of the alleged horse with the taking, but defendant's confession made said agent particeps criminis with him, the court was authoried to submit the issue of the agent's complicity with the defendant in the commission of the offense.

**6.—Same—Charge of Court—Weight of Evidence.**

Where upon trial for the embezzlement of a horse, the court submitted the allegation made in the indictment that defendant's codefendant was charged to be an employee of the owner of the horse, it was not tantamount to telling the jury that said agent was such employee; especially where that issue was fairly submitted in another part of the court's charge.

**7.—Same—Election—Charge of Court—Different Counts.**

Where upon trial for the embezzlement of a horse, the indictment contained six counts, and the court submitted only two counts, one of which charged theft and the other embezzlement, and the jury convicted defendant of embezzlement, there was no error in not forcing the State to elect upon which count, or the taking of what animal the State would rely.

### ON REHEARING.

**8.—Same—Circumstantial Evidence—Agency.**

Where upon trial for the embezzlement of a horse, the evidence showed, in connection with defendant's confession, by the testimony of the owner of the horse that the alleged agent had charge of the owner's ranch and the horses therein during the absence of the superintendent of the ranch, a charge on circumstantial evidence as to the agency involved was not required.

**9.—Reforming Judgment—Statutes Construed.**

Where the court submitted one count for theft, and another for embezzlement of the horse, and the record showed that the defendant was convicted of em-

bezzlement, but the judgment adjudicated him guilty of theft, and the sentence was for embezzlement, the judgment on appeal was corrected and reformed so as to adjudicate appellant guilty of embezzlement in accordance with the verdict.

Appeal from the District Court of Dallam. Tried below before the Hon. Ira Webster.

Appeal from a conviction of embezzlement of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. B. Hill* and *R. Tatum,* for appellant.—On question of venue: Reed v. State, 16 Texas Crim. App., 586; Brown v. State, 23 id., 214. On question of confession to sustain conviction within itself: Tittle v. State, 35 Texas Crim. Rep., 96; Dawson v. State, 38 id., 50. On question of election of counts in indictment: Session v. State, 37 Texas Crim. Rep., 58; Starks v. State, 42 S. W. Rep., 379. On question of theft and embezzlement: Crowley v. State, 41 Wis., 271. On question of identity of property taken: Coward v. State, 24 Texas Crim. App., 590. On question of principals: Longoria v. State, 44 S. W. Rep., 1089; Reyna v. State, 26 Texas Crim. App., 666.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the embezzlement of a horse, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The State's theory, as shown by the record, is to the effect that Coon Brothers owned a pasture in Hartley County, which adjoined Dallam, and had about sixty head of horses running in said pasture, some of which were the partnership property of the two brothers; and others belonged individually to R. S. Coon and W. H. Coon. Neither of the brothers lived on the ranch in question; W. H. Coon lived at Fort Worth, and R. S. Coon at Colorado. R. S. Coon owned a brown horse, about fifteen or fifteen and one-half hands high, known as "Old King," which had certain marks on him, cut by a wire. They had in their employ O. M. Linn, who had general supervision of this pasture, and also supervision of another pasture in New Mexico. Under Linn, as employees on the place, where Bud Maulding and Holman. At the particular time in question, when the horse was alleged to have been taken, to wit: In July, Linn was absent from the place and Maulding and Holman had supervision. Some time in July, about the 23rd, said bunch of horses were taken from the pasture, loaded on the cars at Middlewater, which was on the ranch, or nearby, and a station on the Rock Island, and shipped to Kansas City, Mo., through Dallam County. A number of the horses were subsequently found and identified at Kansas City as the Coon bunch of horses, particularly the horse "Old King," being the horse on which the conviction in this case was predicated. It is shown that Maulding, appellant, and Rip Pearce

participated in taking and shipping out the horses. Appellant relied on the insufficiency of the State's case to connect him with the embezzlement. There were six counts in the indictment, and the conviction was under the fifth count, which charged that Maulding was the agent and employee of R. S. Coon and that he embezzled said horse, and that appellant aided and abetted him in said embezzlement. This is a sufficient statement of the case to discuss appellant's assignments of error.

It does not occur to us that the court committed an error in failing or refusing to give a charge on circumstantial evidence. We understand from the testimony of Hutton that appellant made a confession to him, to the effect that Maulding, Pearce, and himself took said horses, including the horse in question, and shipped them from Middlewater, to Kansas City. We understand the authorities to hold that a confession is in the nature of positive testimony, and where there is such evidence, the court is not required to charge on circumstantial evidence. The evidence is positive to the effect that Maulding was in the employ of R. S. Coon, and had charge of the horse in the absence of Linn. Aside from the confessions of appellant, the testimony in the case shows that appellant was directly concerned in taking and shipping the horses out.

We do not believe that the court was required to give appellant's second requested special instruction, in regard to the venue of said prosecution. The court gave a charge at the request of the State, which embraced the statute on this subject, to wit: if the jury found defendant by himself, or acting with others as principal, embezzled a horse in Hartley County, and shipped the same by railroad through Dallam County, the venue would be in Dallam County, whether he actually accompanied such embezzled horse through Dallam County or not. Appellant's requested charge was to the effect that he must accompany the horse to be amenable to a prosecution in the latter county. We do not so regard the law. If he placed the horses on the cars in Hartley County, to be shipped through or into Dallam County, we believe he could be prosecuted in the latter county, although he may not have gone with the horse into or through said county. Unquestionably one of his codefendants, Rip Pearce did go with said horses into Dallam County. Appellant was a party to the shipment of said horse. He was instrumental not only in loading them on the cars for shipment, but in arranging for their destination.

The court was not called on to give appellant's third special instruction, to the effect that appellant could not be convicted on his confession alone. We understand the rule to be that where the corpus delicti is otherwise proved, appellant may be convicted on his confession alone, as to his connection with the transaction. The corpus delicti, that is, the taking of the property, was abundantly proved outside the confession of appellant. Moreover, there was other testimony besides appellant's confession, connecting him with the offense.

Appellant complains that the court erred in not giving his fourth special instruction, in which he asked the court to tell the jury that they could not convict appellant under the first, fourth, fifth and sixth counts of the indictment. We understand that the court only submitted the second and fifth counts of the indictment eliminating the first, third, fourth and sixth counts. It was competent for the court to take this course; and it was equivalent to an election by the State to prosecute on said two mentioned counts.

Appellant says that the court was not authorized to submit said fifth count, because there was no testimony outside the appellant's confession to Hutton, the sheriff, that Maulding had anything to do with taking the said horse. We believe there are circumstances in the case tending to show that Maulding was connected with the taking. But if it be conceded that this is not true, appellant's statement to that effect, was a confession by him that Maulding was particeps criminis with him. If Maulding was being tried, this testimony might not be good against him, but it certainly was as against appellant, and authorized the court to submit the issue of embezzlement by Maulding, and appellant's connection therewith, as contended in the fifth count. Unquestionably there were three men at the station the night the horses were brought there and loaded. See the testimony of Brewer, the agent, on this subject. He identified appellant and Pearce, the other man he did not know. Appellant's own testimony, however, identifies him Maulding as being the third man. The cases cited by counsel for appellant on this subject are not in point.

The court did not err, as insisted by appellant, in the eighth paragraph of his charge, in assuming that Bud Maulding was an employee of R. S. Coon. He merely in that charge stated to the jury that it was alleged in the fifth count of the indictment that Bud Maulding was an employee and servant of R. S. Coon, and that he did, etc., stating what was alleged against appellant in said count. This was not tantamount to telling the jury that Maulding was an employee. It merely stated that such was the allegation in said count. In the twelfth paragraph of the court's charge, the question was fairly submitted to the jury as to whether Maulding was an employee and servant of R. S. Coon.

It does not occur to us that the court erred in overruling defendant's motion to compel the State to elect upon which counts contained in the indictment it would rely for conviction. Nor in overruling appellant's motion to compel the State to elect as to which horse it would rely on for a conviction. We understand from the record that the court did, whether in response to appellant's motion or otherwise, elect to submit the second and fifth counts to the jury. The second count submitted theft, and the fifth count submitted embezzlement. As we understand the charge of the court, the jury were left free to determine, on which of these counts they would convict appellant. They determined by their verdict that appellant was guilty of embezzlement. In doing so

they found that Maulding was an employee of R. S. Coon, and had such supervision of the horse in question as to constitute him an agent. There is testimony supporting this view. There is also testimony supporting the view that as such agent he embezzled said horse, and that appellant participated with him in such embezzlement. We take it that the horse identified as the one embezzled, was the one named "Old King." The jury had a right to determine as to the horse from the testimony.

The court's instructions fairly considered, properly presented the State's case, and whatever defense appellant was entitled to. Without going into other special instructions, asked by appellant and discussing them, or discussing other portions of the court's charge, we believe that the issues were fairly submitted to the jury, and that appellant was properly convicted.

There being no reversible errors, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.

### ON REHEARING.

#### June 29, 1906.

HENDERSON, JUDGE.—The judgment was affirmed at a former day of this term and is now on rehearing. Appellant's counsel have filed a very able brief reviewing the questions heretofore passed on by the court. Among other things appellant questions very seriously the failure of the court to instruct the jury on circumstantial evidence. We stated in the original opinion, in answer to this proposition that the confession of appellant, to the effect that he (Maulding) and Rip Pearce took the horse, in connection with other testimony showing Maulding was left in charge of the horse in the absence of Linn, was sufficient to take the case out of the rule requiring charge to be given on circumstantial evidence. Appellant's counsel admit this might be good as to theft, but not as to embezzlement, for which appellant was convicted. We do not believe appellant is correct as to this proposition. R. S. Coon, the owner of the horse, says in his testimony, that when Linn was away, Maulding with Holman had charge of the ranch. As to the horses he says they were to look after them. And again he says, "The horses were under their control during the absence of Linn." We think this is sufficiently direct and positive to show the agency of Maulding. Then appellant's confession that Maulding (who by positive evidence was shown to be the agent of prosecutor in charge of the horses) in connection with appellant and Pearce took the horse, would show that they took him in connection with said agent. Under our view, this would be positive testimony to that effect, and would not require a charge on circumstantial evidence.

Appellant also insists in his motion that the judgment of the court adjudicates appellant guilty of theft and not of embezzlement, and therefore the judgment must be reversed for this alleged fundamental error. We understand the rule to be as to such matters, that this court

will reform and correct such error in the judgment under article 904, Code Criminal Procedure. An inspection of the record here shows that appellant was convicted of embezzlement under the fifth count of the indictment. The judgment adjudicates him guilty of theft; and the sentence is for embezzlement. For decisions authorizing the correction of the judgment, see Turner v. State, 44 Texas Crim. Rep., 69; Burks v. State, 55 S. W. Rep., 824. The judgment is accordingly corrected and reformed, so as to adjudicate appellant guilty of embezzlement in accordance with the verdict of the jury, etc.

We do not deem it necessary to discuss other propositions raised on the motion for rehearing, but adhere to the original opinion. The motion for rehearing is overruled.

*Overruled.*

Brooks, Judge, absent.