## Bud Maulding v. The State.

### No. 4073.        Decided March 11, 1908.

**1.—Embezzlement—Statutes Construed—Conversion.**

Where in a prosecution the indictment charged embezzlement under article 938, Penal Code, and the court did not charge on embezzlement, but charged the law of theft by conversion under article 877, Penal Code, there was error.

**2.—Same—Alibi—Charge of Court.**

Where in a prosecution for embezzlement the evidence suggested the issue of an alibi, but defendant did not ask a charge thereon, there was no error in the court's failure to charge on alibi.

**3.—Same—Accomplice—Corroboration—Insufficient Evidence.**

Upon a trial of embezzlement where the conviction depended upon accomplice testimony, and the same was not sufficiently corroborated, the conviction could not be sustained.

Appeal from the District Court of Hartley. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of embezzlement; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. B. Hill, Reese Tatum* and *Robt. B. Seay,* for appellant.—On insufficiency of corroboration: Williamson v. the State, 37 Texas Crim. Rep., 437; Holman v. State, 40 Texas Crim. Rep., 628; Smith v. State, 27 Texas Crim. App., 196; Blakely v. State, 24 Texas Crim. App., 616; Buchannan v. State, 25 Texas Crim. App., 546.

On question of court's charge on theft: Cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of embezzlement of a horse, and his punishment assessed at five years confinement in the penitentiary.

Appellant was convicted under the third count of the indictment, which contained a charge of embezzlement under article 938, of the Penal Code. The court did not charge on embezzlement at all, but, on the contrary, only charged the law of theft by conversion under article 877, of the Penal Code. This was error. See Burke v. State, 50 Texas Crim. Rep., 185; 16 Texas Ct. Rep., 582, and Pearce v. State, 50 Texas Crim. Rep., 507; 17 Texas Ct. Rep., 447.

The fourth error complains of the failure of the court to charge on alibi. The evidence suggested this issue, but appellant did not ask the charge, and the court did not err in failing to so charge.

The only other question we deem necessary to pass on in this record is the sufficiency of the evidence to corroborate the accomplice Burke, this case being a companion case to the one above cited. We hold that the evidence is totally insufficient to corroborate the testimony of said accomplice. We do not deem it necessary to rehearse the evidence, but it clearly shows there is no such testimony as tends to corroborate the accomplice's testimony, and thereby show that appellant was guilty of embezzlement as charged in the indictment.

For the errors pointed out, the judgment is reversed and the cause is remanded. *Reversed and remanded.*