# Freeman *v.* The State.

## *Embezzlement.*

(Decided December 18, 1913.   Rehearing denied February 3, 1914. 64 South. 514.)

1. *Embezzlement; Elements.*—So far as a conversation is concerned, as an element of the offense of embezzlement, the unauthorized exercise of right of ownership over the personal goods and chattels of another, to the exclusion of the right of the owner, constitutes an embezzlement.

2. *Same; Jury Question.*—Where, from the evidence introduced by the state the jury could find that defendant was the agent or in the employment of another, that the barrel of turpentine alleged to have been embezzled, came into his possession by virtue of his employment, and that he fraudulently converted it to his own use or the use of another, it was the duty of the court to submit to the jury the question of defendant's guilt or innocence.

3. *Same; Instructions.*—Where there was evidence supporting the contention of the state that any sale to the defendant had been a conditional sale, and also supporting the defendant's contention of a straight sale to him, charges predicating an acquittal upon the jury's belief of a sale to defendant did not exclude the idea of a conditional sale.

4. *Same.*—Where from evidence the jury might infer that defendant was the servant or agent of another, charges instructing the jury to the contrary were properly refused, as the term agent imports the idea of principal or master, and implies employment, service or delegated authority to do something in the name or place of the principal or master, meaning one who is authorized to act for another.

5. *Evidence; Fraudulent Intent.*—Great latitude is allowed in the production of evidence where a fraudulent intent is necessary to be shown, as being indispensable to truth and justice.

[Freeman v. The State.]

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Perry Freeman was convicted of embezzlement, and he appeals. Affirmed.

OSCAR S. LEWIS, for appellant. As to the three essential elements constituting embezzlement see *Pullam v. State,* 78 Ala. 31. Defendant insists that two of these elements were wanton; 1st, that he was not the clerk, agent, servant or apprentice of Lane, and 2nd, that the property came into his possession under a conditional sale, and that he was therefore entitled to the affirmative charge under the facts in this case.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors assigned, but without citation of authority.

PELHAM, J.—The defendant was convicted of embezzling a barrel of turpentine, which the undisputed proof showed had been sold by the defendant, and the money converted to his own use; the theory of the defense being that one Dr. Lane, by whom the defendant (a negro foreman) had been employed at his (Lane's) turpentine plant, had sold the plant to the defendant on his personal credit for $5,000, under a verbal contract, and had turned it over to him, and that he had a legal right to dispose of the barrel of turpentine in the manner shown. It was the state's contention that Lane had only made a conditional sale of the property, under the terms of which the plant was not to become the property of the defendant, and that he was not to have the right to dispose of the product, but that the defendant was to remain in charge of the plant under these terms of the

contract as the vendor's agent, or under his employment until the purchase price was paid. The evidence was without dispute that the purchase price had not been paid, and there was evidence supporting the contention of both the state and the defendant.

Under the well-recognized definition and clear rule of law that so far as a conversion is concerned the unauthorized assumption and exercise of right of ownership over the personal goods or chattels of another, to the exclusion of the owner's right, constitutes an embezzlement (*Penny v. State,* 88 Ala. 105, 7 South. 50), the evidence in support of the state's theory showed an embezzlement, and no error was committed in refusing the general charge requested by the defendant on that account. The evidence introduced in behalf of the state tended to show, and offered inferences from which the jury could find, that the accused was the agent or in the employment of Lane, that the barrel of turpentine came into the defendant's possession by virtue of his employment, and that he fraudulently converted it. All of the constituent elements necessary to constitute the offense being in evidence before the jury, it was the plain duty of the court to submit the question of the defendant's guilt to the jury.—*Pullam v. State,* 78 Ala. 33, 56 Am. Rep. 21.

The bill of exceptions shows a great number of objections and exceptions to the evidence; but, as no brief has been filed in behalf of the appellant, we are not apprised what points, thus made, if any, are relied upon. Many of the objections are frivolous, some of them made to the answer after it had been elicited in response to a question, and none of them show an error in the ruling of the court justifying a reversal of the case. It is to be borne in mind that great latitude is allowed in the range of evidence in cases like this, where a fraudulent intent

is necessary to be shown. "It is indispensable to truth and justice that it should be so."—*Snodgrass v. Bank,* 25 Ala. 174, 60 Am. Dec. 505; *Reeves v. State,* 95 Ala. 31, 11 South. 158.

The charges are not numbered, and we will not endeavor to discuss them seriatim. Those charges predicating an acquittal on the jury's belief of a sale of the property to the defendant do not, when referred to the evidence, exclude the idea of a conditional sale, such as it is contended by the state was made, by which the defendant was given only the custody and possession of the plant for the owner until paid for.—*Oxford v. State,* 33 Ala. 416; *Holbrook v. State,* 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65. It was open to the jury to infer from the evidence that the defendant was the servant, or agent, of Lane, and the charges instructing the jury to the contrary were properly refused. The term "agent," as employed in this connection, imports the idea of principal or master, and implies employment, service, or delegated authority to do something in the name or stead of the principal or master. It means one who is authorized to act for another.—*Brewer v. State,* 83 Ala. 113, 3 South. 816, 3 Am. St. Rep. 693; *Hinderer v. State,* 38 Ala. 415. No error is shown by the rulings of the court in refusing the unnumbered charges set out.

An examination of the record does not disclose any reversible error and the judgment of the court below is affirmed.

Affirmed.