FLEMING *v.* STATE OF INDIANA.

[No. 29,799. Filed April 13, 1960.]

*Flanagan & McCain* and *Robert S. McCain*, of Fort Wayne, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling*, Assistant Attorney General, and *John A. Pushor*, Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged with receiving stolen goods and was convicted after a jury trial and sentenced for a term of one to ten years.

On this appeal appellant first contends the evidence was insufficient to show that the automobile tires here in question, received by appellant, were stolen goods but rather that the same were embezzled property and that the verdict is therefore not sustained by sufficient evidence.

The affidavit here charged appellant, in substance, with feloniously buying, concealing and aiding in the concealment of eight new automobile tires which had been unlawfully stolen by one Woodson from the Allen County Tires Sales, Inc.

The evidence favorable to appellee showed that Woodson was employed as a service man, at the Allen County Tires Sales, Inc. That Woodson drove out to appellant's place about 6:00 a.m. on January 7 and delivered to appellant eight tires which Woodson had taken that morning from Allen County Tires Sales, Inc. Appellant paid him $40.00 for them which Woodson divided with an accomplice. A police officer testified appellant told him at the time of his apprehension that he had an idea the tires were stolen.

Woodson's duties at the Allen County Tires Sales, Inc., consisted of changing tires, making road service calls and repairing tires. He had a key to the establishment. Woodson did not handle sales but the same were handled by the owners of the business, floor salesmen, outside salesmen, or the service manager. Although not handling sales, Woodson might possibly deliver a tire and collect for it. If a new tire were needed on a service call, Woodson would get the information first from his boss. They would give him an okay for it. Sometimes the door to the front office where the tires were kept was locked and he could not get in.

Appellant relies on the case of *Gentry* v. *State* (1945), 223 Ind. 459, 61 N. E. 2d 641, to support his contention that the evidence here showed the receipt of embezzled goods rather than the receipt of stolen goods. The Gentry case, however, we believe is clearly distinguishable from the case at bar. In the Gentry case appellant received automobile tires and a jack from one Lush who took said items when he was in charge of such a depart-

ment for Sears, Roebuck and Company. It appeared Lush was responsible for the inventories and stock used in the department and that he was charged with the clearance of his department. He was also a salesman and had access to and possession of merchandise in his department including tires and auto jacks. The Supreme Court reversed the judgment and held the evidence was not sufficient to show receipt of stolen goods but instead showed receipt of embezzled goods, and that the variance was material.

We have no quarrel with the result reached in the Gentry case as it there appeared that Lush at the time of the taking, was rightfully in the control and possession of the property, by reason of his employment. No such state of facts existed in the case before us as the evidence heretofore set forth was to the effect that Woodson, who sold to appellant, did not handle sales of tires but that such matters were handled by others, and that if Woodson needed to take a tire on a service call he got the information from his boss, who would give an okay. Woodson plainly did not have rightful control or custody over the tires by virtue of his employment and therefore his unlawful taking amounted to larceny or stealing rather than embezzlement. It follows the evidence was sufficient to prove the crime of receiving stolen goods as charged in the affidavit. This conclusion is in harmony with the principles enunciated in the cases of *Caldwell* v. *State* (1923), 193 Ind. 237, 137 N. E. 179; *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353; *Wynegar* v. *State* (1901), 157 Ind. 577, 62 N. E. 38; *Colip* v. *State* (1899), 153 Ind. 584, 55 N. E. 739, 74 Am. St. Rep. 322. See also *Warren* v. *State* (1945), 223 Ind. 552, 62 N. E. 2d 624.

Appellant's second contention is that the court erred in refusing to give appellant's tendered instruction No. 9 which was as follows:

"The Court instructs the jury that if at the time Frank Woodson took the tires described in the affidavit from the Allen County Tire Sales, Inc., he was employed by said company and it was during his hours on duty and as such employee he had access to said tires and their custody and control then said tires were not stolen as described in the affidavit and you must find the defendant not guilty."

While this instruction appears to state a correct rule of law, we believe it was inapplicable to the evidence as we have not been pointed to any evidence by appellant from which the inference could have been drawn that Woodson had custody or control over the tires in question. The law is well settled that if there is a complete lack of evidence bearing upon the subject matter of an instruction, the same may properly be refused. See: *Kell* v. *State* (1924), 194 Ind. 374, 142 N. E. 865; Ewbank Crim. Law, Vol. I, Instructions, §424, p. 265.

Judgment affirmed.

Arterburn, C. J., and Jackson and Bobbitt, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 166 N. E. 2d 178.