William T. KIRBY, as Trustee under a Trust Agreement dated November 1, 1955, and known as Trust No. One, Plaintiff,

v.

SPRINGFIELD FIRE INSURANCE COMPANY, a Massachusetts corporation, Defendant.

No. 61 C 1159.

United States District Court
N. D. Illinois, E. D.
April 4, 1963.

William T. Kirby, James T. Griffin, Chicago, Ill., for plaintiff.

Joseph Harrow, Joseph E. Defley, Jr., Querrey, Harrow, Gulanick & Kennedy, Chicago, Ill., for defendant.

WILL, Judge.

Plaintiff, an Illinois citizen, in his capacity as trustee, demands $14,000 from defendant, a Massachusetts corporation which has its principal place of business in that state. His complaint, originally filed in the Circuit Court of Cook County and removed by the insurer to this Court, avers that on various dates during 1960 a total of 49 cows and calves insured by defendant were stolen from a farm in McHenry County, Illinois, which is part of the corpus of the trust, but that defendant refuses to pay the amount of the loss. In its answer, one of the grounds for the insurer's denial of liability is that the disappearance of at least 31 of the animals is properly characterized as embezzlement and/or wrongful conversion, both of which causes of loss are excluded from policy coverage. The parties have indicated that a determination of the validity of this defense might aid in resolving all other contested issues. Accordingly, the Court asked for and received briefs dealing solely with this issue.

It is not disputed that one Kurt Albrecht, then an employee on the farm, pocketed the proceeds of his sale, to one Erving Pierson, of 30 cows and a calf belonging to the trust. The present record is not very enlightening as to Albrecht's duties and responsibilities or as to his apparent authority to sell farm animals. Defendant states, and plaintiff does not deny, that Albrecht and his son were the only employees and the only full-time residents there (Brief, p. 1). Albrecht is characterized by defendant as the "caretaker" of the farm (id., p. 2). Neither party suggests that the cattle were for sale much less that Albrecht had actual authority to sell them.

The policy here relevant, #F 70860, basically provided insurance for damages caused by fire and lightning. However, for an additional premium, de-

fendant added a rider which, in pertinent part, reads as follows:

"This insurance is extended to include direct loss by theft (but excluding escape, mysterious disappearance, inventory shortages, wrongful conversion and embezzlement) and overturn."

The policy and rider were issued in Illinois. Accordingly, Illinois law must be used in interpreting them. Scarpelli v. Travelers Indem. Co. of Hartford, 7 Cir., 1957, 248 F.2d 791, 793.

The words "theft", "wrongful conversion", and "embezzlement", all associated with criminal law, were not defined in the Illinois Criminal Code in June, 1959, when the policy was issued. No significance can be attached to the fact that Albrecht was convicted of larceny, since the statute then provided—as it had since 1874 (R.S.1874, p. 348)—that persons guilty of theft, fraudulent conversion or embezzlement were all deemed to be guilty of larceny. Ill.Rev.Stat.1961, ch. 38, secs. 387 and 207.[1]

Plaintiff contends (Brief, pp. 5–7) that the word "theft" as it was used in the policy was intended to be synonymous with "larceny" and that Albrecht's sale of the cattle was such a theft or larceny. Defendant, on the other hand, asks the Court to hold that any unauthorized conversion of his employer's property by an employee who is "in charge of the property" (Brief, p. 5), who is "responsible for" the property (id., p. 6), or who is a "manager or caretaker" (id., p. 8), is and must be embezzlement or wrongful conversion rather than theft or larceny. However, the cases do not so hold.

Larceny convictions of employees who converted their employers' property, to which the employees had access or control similar to Albrecht's, have been sustained on appeal in a number of states which distinguish in their criminal law between larceny and embezzlement, e. g. Warren v. State, 1945, 223 Ind. 552, 62 N.E.2d 624; State v. Ugland, 1922, 48 N.D. 841,

187 N.W. 237; Colip v. State, 1899, 153 Ind. 584, 55 N.E. 739; Crocheron v. State, 1889, 86 Ala. 64, 5 So. 649. Cf. Fleming v. State, 1960, 240 Ind. 389, 391, 166 N.E.2d 178, 180 (dictum). Admittedly, there are cases to the contrary, e. g. Freeman v. State, 1913, 10 Ala.App. 120, 64 So. 514; and the companion cases of Burk v. State, 1906, 50 Tex.Cr.R. 185, 95 S.W. 1064; Pearce v. State, 1906, 50 Tex. Cr.R. 507, 98 S.W. 861; and Maulding v. State, 1908, 53 Tex.Cr.R. 220, 108 S.W. 1182. On the other hand, if Illinois separated the two crimes, Albrecht apparently would have been found to have committed larceny rather than embezzlement. See People v. Moore, 1927, 243 Ill. App. 378, 381–382 (dictum).

Defendant cites no case, and the Court has found none, involving an unlawful conversion comparable to the instant one where, in interpreting an insurance policy, it was held that such a conversion must be labeled embezzlement and not larceny. But in Hall v. Great Nat'l. Lloyds, 1955, 154 Tex. 200, 275 S.W.2d 88, it was held that an employee who stole a truck and its cargo, to which he alone (other than the owner) had access, was properly found by the jury to have committed policy-included larceny and not policy-excluded embezzlement.

Defendant does not contend that cattle are excluded from the property covered by the policy. If defendant's interpretation of the policy is correct, the rider for which a substantial annual premium was charged would be limited to theft of cattle by strangers or "rustlers" in the vernacular of the old West. Such a conclusion would be inconsistent with the realities of present-day cattle raising and ownership in Illinois where relatively small fenced-in grazing areas make branding of cattle to identify ownership unnecessary and rustling by cattle thieves as rare as a cowboy or a buggy whip. The Court cannot conclude that the parties intended such a nostalgic and unrealistic result.

---

1. Under the new Criminal Code, the crime of "theft" encompasses larceny, embezblement and fraudulent conversion. 1961 Ill.Crim.Code, ch. 38, sec. 16–1.

   At most, the exclusion clause of the rider is ambiguous as applied to the instant facts. It is well settled under Illinois law that ambiguous terms in an insurance policy are to be construed in the insured's favor. Groth v. Standard Acc. Ins. Co., 7 Cir., 1959, 267 F.2d 399, 401. Accordingly, the Court concludes that the losses are covered.

Plaintiff's counsel shall prepare an order consistent with this opinion and present it to the Court for signature within 10 days.