JIM WILSON v. THE STATE.

No. 3690.   Decided May 20, 1908.

1.—Local Option—Sufficiency of Evidence—Subterfuge.

Where upon trial of a violation of the local option law the evidence showed that local option was in effect; that the defendant caused to be delivered to the prosecutor a quart of whisky, for which the latter left money in payment on the bar and walked out; that the court properly charged the jury and applied the law to the facts, there was no necessity of charging on the question of subterfuge, and the facts constituting the sale.

2.—Same—Argument of Counsel.

Where upon trial of a violation of the local option law the State's counsel in his argument told the jury that they could not look him in the face and say that defendant was not guilty, there was no reversible error.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the coutny jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment in the County Cout of Coleman County with unlawfully selling intoxicating liquors in said county in violation of the local option law. On trial he was convicted and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

1. The State introduced in evidence several orders putting local option in force in precinct No. 7 of Coleman County. These were regular and sufficient, and were effective to put local option in effect in said precinct. The sale in question was alleged to have been made by appellant to one McHorse. On the trial McHorse testified that he knew appellant and also knew one Jim Woodward; that Woodward was in the clubroom business in the town of Santa Anna at or about December 15, 1906; that about December 15th of that year he went into Woodward's clubroom in the town of Santa Anna and asked him, Woodward, if he could get a quart of whisky; that at that time Jim Wilson, appellant, was sitting on top of the bar talking to Woodward. When witness asked Woodward if he could get a quart of whisky, Woodward asked him, witness, if he had any there and witness said no, and Woodward said well you will have to order some or get some from some of the boys, and witness then asked appellant if he had any he could let him, witness, have and appellant told Woodward to let witness have a quart of his, appellant's whisky and Jim Woodward reached down behind the bar and handed witness a quart of whisky and witness put a dollar on the bar and walked out. He also stated that he did not make any order for this whisky; that as he started out Jim Wilson said "Hold on, McHorse, it is $1.25," and that he, witness, replied, "That is all I have," and Wilson said, "All right." The witness further testified that he did not know who got the dollar; that he put it down on the counter and walked out. The only additional testimony was that of R. O. King who testified that the town of Santa Anna is within the limits of precinct No. 7 of Coleman County. In his charge the court instructed the jury that local option was in effect in precinct No. 7 in Coleman County and then charged them that if they believed from the evidence beyond a reasonable doubt that appellant in justice precinct No. 7, in Coleman County, Texas, on or about the date alleged in the indictment and anterior to the filing of same, did unlawfully sell to the witness McHorse, intoxicating liquor they would find him guilty, or that if the

sale was made by Woodward and Wilson was present and aided by acts or encouraged by words the unlawful sale of intoxicating liquor, and was a principal as that term was properly defined in the charge, they would find him guilty. The usual charges of presumption of innocence and other appropriate matters were given in charge by the court. There were a number of special charges requested by counsel for appellant but none of them were, as we believe, in such form as would have authorized the court to have given them. The first special charge was to the effect that before they could convict the appellant they must believe from the evidence beyond a reasonable doubt that it was understood between him and Jim Woodward that Jim Wilson was to let McHorse have a quart of his whisky as a subterfuge for the purpose of making a sale of whisky to the witness McHorse, and that unless the jury should so believe beyond a reasonable doubt they should acquit appellant. It was not necessary, in order for a conviction that the issue of subterfuge should appear in the testimony. If acting together as principals Woodward and Wilson made the sale of the whisky, they would both be guilty and this without any reference to the matter of subterfuge or evasion of the law. By the second instruction requested the jury were informed that notwithstanding they might believe from the evidence that Woodward was guilty of violating the law, yet, they would not consider such circumstance as evidence against appellant in this case, and the mere fact that he was present and asked Woodward to let McHorse have a quart of his, appellant's, whisky would be no fact or circumstance that appellant and Woodward were acting together in the sale of said whisky. This, we think, would clearly have been a charge upon the weight of the evidence and the court would have been in error if he had given same.

2. It is complained also that the county attorney was guilty of such misconduct in his argument to the jury as should cause a reversal of the judgment. According to the bill of exceptions the county attorney stated to the jury that they could not turn the defendant loose and that they could not look him in the face and say that he was not guilty. This was but another way of insisting on appellant's guilt and is not, we think, of such serious import as to justify us in reversing the judgment of conviction.

3. There are no other questions of consequence raised on the appeal and we think, in view of the entire record, there is no error in the proceedings of the court below. The facts support the finding and are undenied. We think, therefore, the judgment of the court below should be and the same is hereby affirmed.

*Affirmed.*