## W. C. ROBINSON v. THE STATE.

No. 3881.    Decided May 20, 1908.

**1.—Local Option—Postponement—Want of Diligence.**

Where a motion for a postponement was wholly lacking in showing diligence to procure the absent witnesses, and did not show that defendant could prove an alibi, as attempted, the same was properly overruled.

**2.—Same—Indictment.**

Where upon trial of a violation of the local option law the indictment was in proper form, the fact that other indictments might be pending charging a sale to the same person on the same day would be no reason to quash the indictment; such matter must be reached by plea of former conviction or former acquittal.

**3.—Same—Different Sales on Same Day.**

In prosecutions of violations of the local option law, each sale, if separable from another, is a separate offense, although occuring on the same day between the same parties.

**4.—Same—Sufficiency of Evidence—Other Sales.**

Where the evidence was sufficient to sustain a conviction, and there was no motion that the State elect, and no plea of former conviction or former acquittal in the record, the conviction was sustained although there is some reference in the testimony of one witness as to other sales.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the County Court of Brown County, charged with the violation of the local option law and was convicted and given the maximum punishment allowed by law. He has brought his case before this court on appeal and seeks a reversal of said judgment of conviction.

1. When this case was called for trial appellant filed his motion for a postponement on the following grounds: (1) That he had been tried and convicted in two cases before the county court and before the same jury panel; that he cannot go safely to trial on this same day for the third time on the same charge and accusation as in the other cases on which he had been tried and convicted by the same jury panel without the presence and testimony of Bob Van Hurst and John Turner, who reside in Brown County, about ten or fifteen miles northwest of Brownwood which witnesses he now believes from present developments on the trial of him this day in the other causes, to be material and necessary witnesses for him on this trial. He stated in said motion

that he now has good reason to believe that he can prove by said witnesses Van Hurst and Turner that he was not then and there at said place as he was alleged in this indictment to be on or about December 30, 1907, but was then and there at another and different place in Brown County, Texas. This application for a postponement was manifestly insufficient in that it is wholly lacking in any sort of diligence, nor is it stated that he can prove an alibi as he substantially claims, nor is it alleged where he was and that he was not present at the time prosecuting witness would claim the sale to have been made. It is utterly lacking in any kind of diligence and so manifestly lacking in other particulars that the court would not have been justified in granting it.

2. A motion was made to quash the indictment for a number of reasons. They are thus given in his motion:

"(1) Because the same is in violation of the defendant's bill of rights under the Constitution of the United States-Post Sections 1452–1453 and 1712, and section 14 of his bill of rights under the Constitution of the State of Texas. (2) Because the same is contrary to and in violation of the law of the State of Texas, Post Section 1401, article 9, Penal Code, Wilson's Criminal Statute of Texas. (3) Because it appears before the court that there is another indictment pending in this court to be heard against the defendant in this case, to wit: Cause No. 2924, charging this same defendant with the same violation of law that is charged against him in this cause, No. 2923, to wit: 'Unlawfully selling one drink of whisky to one J. O. B. Smith in Brown County, Texas, on or about Dec. 30th, 1907.' (4) Because it appears before the court that there is still another indictment, to wit: No. 2925, which is the 3rd indictment pending to be heard against this same defendant charging him with the same violation of the law charged against him in cause No. 2923, by one and the same witness at one and the same time, to wit: 'Unlawfully selling to J. O. B. Smith one drink of whisky in Brown County, Texas, on or about the 30th day of Dec., 1907.' (5) Because it appears before the court that there is still another indictment, to wit: No. 2926, pending to be heard by this court, which is the fourth indictment by this one and the same witness charging this one and the same defendant with the one and the same offense as charged against this one and the same defendant named in this cause 2923, and two other causes pending in this court, to wit: No. 2924, and 2925, all at one and the same time and place to wit: 'Unlawfully selling one drink of whisky to J. O. B. Smith, in Brown County, Texas, on or about the 30th day of Dec., 1907.' (6) Because four indictments against one and the same defendant for one and the same crime committed with one and the same witness at one and the same place on one and the same day in one and the same year is cumulative of one and the same offense on one and the same person by one and the same person's business transaction on one and the same time and

place.   (7)   Because it does not appear in this indictment that the alleged drink of whisky, if any was sold by defendant, to the witness, J. O. B. Smith, was sold at another and different hour or time of the day on Dec. 30th, 1907, than were the other three drinks as alleged in the following indictment, to wit:   No. 2924, No. 2925, and No. 2926, made by the same witness against this same defendant at one and the same time and alleging the one and the same crime on one and the same thing.   (8)   Because the same is contrary to and in violation of the rules of the Code of Criminal Procedure by the laws of the State of Texas, and would if allowed to stand as it is, unlawfully jeopardize the life and liberty of this defendant four times for one and the same alleged crime, on one and the same day, whereas, he cannot be lawfully charged, if charged at all, with but one offense in one and the same place at the one and the same time.   (9)   Because all four of these indictments are insufficient in law to admit evidence sufficient thereon to support and warrant a verdict and judgment against the defendant, in either one of them without violating defendant's constitutional bill of rights in that they all charge defendant with the same thing by the same witness on the same one day, Dec. 30, 1907, and neither of them fix on or specify any certain time or hour of that day as to the time of day of the offense alleged, if any was committed by the defendant."

The sufficiency of any motion to quash must, of course, be determined by an inspection of the face of the indictment itself.   It is in good form and in terms charges a violation of the local option law by a sale to one J. O. B. Smith, of intoxicating liquor in Brown County, Texas, on the 30th day of December, 1907.   The fact that there may be other indictments pending, charging a sale to the same person on the same day would be no reason to quash this indictment.   If these alleged sales in fact constituted one and the same transaction, a conviction in one of these cases could be interposed to the other or several other indictments, or an acquittal in the one case could be successfully pleaded as a complete defense in all other cases having their foundation in the same transaction.   In passing, however, we can see no reason why a prosecution might not be sustained for a number of sales to the same witness on the same day.   In many of our criminal statutes, each day's failure to perform some duty is made a separate offense, but in the local option law it is the unlawful sale that is denounced as an offense, and we think clearly each sale, if the transactions are separable in time and in detail, is a separate and distinct offense, and may be prosecuted as such, notwithstanding the sale is on the same day and to the same person, if they were at different times and not parts of one and the same transaction.   The facts in this case show clearly a sale. Smith testifies that he went to the back of the Del-Monte restaurant where he met Robinson coming out of the house; that he told him what he wanted and Robinson turned around and went into the cook room of the restaurant and opened the door to a little side room where the old empty barrels, bottles and whisky were, and he said there is what is

left, help yourself; that he helped himself and that he gave Robinson 15 cents for it. There is some reference in the testimony of Smith to other transactions and other sales on the same day, but there is in the record no plea of former conviction, nor former acquittal, no request for an election nor any objection to showing the other transactions.

From whatever point of view we look at the case, the evidence of appellant's guilt is conclusive and no reason is assigned why the judgment of conviction should be set aside. The judgment is, therefore, affirmed.

*Affirmed.*