### RIP PEARCE v. THE STATE.

No. 3660.  Decided December 19, 1906.

**1.—Theft of a Horse—Charge of Court—Consent of Owner.**

Where upon trial for theft the evidence showed that the horse alleged to have been stolen was taken by the defendant and others including the person who was left in charge of the animal and who had legal possession of the same, the offense if any, was embezzlement and not theft and the court erred in not giving the requested instruction that defendant would not be guilty of theft if he had authority from said agent to take the horse.

**2.—Same—Jurisdiction—Pleading—Venue—Theft—Statutes Construed—Waiver.**

Under articles 235 and 240, Code Criminal Procedure, which provide that in cases of embezzlement and theft the offender may be prosecuted either in the county where the property was taken or received, or in any county through or

into which he may have undertaken to transport it, such language does not mean that a person shall be indicted or that he may be indicted in every county where he has been in possession of the property, and the jurisdiction or venue attaches in the county where the prosecution is first begun, and the defendant may set up by proper pleading the question of jurisdiction, or he can waive such right.

### 3.—Same—Case Stated—Plea to Jurisdiction.

Where upon trial for theft of a horse, defendant filed a pleading in limine calling the court's attention to the fact that he was indicted for the same transaction in another county, through which he was alleged to have carried the property, and which indictment was presented prior to the indictment upon which he was about to be tried, and that therefore that court had acquired jurisdiction, and that he was under an appearance bond to appear in said county, and that therefore the court a quo had no jurisdiction to try him. Held, that the court erred in overruling said plea. Overruling Schindler v. State, 15 Texas Crim. App., 394.

### 4.—Same—Special Plea.

Wherever constitutional rights are involved, the accused is authorized to interpose special pleas.

Appeal from the District Court of Dallam. Tried below before the Hon. Ira Webster.

Appeal from a conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. B. Hill* and *L. H. Mathis,* for appellant.—On question of jurisdiction: Mitchell v. State, 13 Texas Ct. Rep., 938.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains six counts. The first charges theft of a horse from R. S. Coon; and the second, under which appellant was convicted, charges the possession and ownership in O. M. Linn. The third charges ownership in Bud Maulding. The fourth charges possesion in Bud Maulding and ownership in R. S. Coon. The fifth charges that Maulding as the employee and servant of Coon embezzled the property, and that appellant endeavored to secure the safety and concealment of said Maulding. The sixth charges embezzlement by Maulding and appellant acting together. The second count alone was submitted to the jury.

Appellant asked an instruction, in substance, that if Maulding was in possession of the property, and not Linn, and appellant had the authority from Maulding to take the horse, that he would not be guilty of theft. Under the facts of this case the refusal of this charge was error. This case is practically the same as Burk v. State, 95 S. W. Rep., 1064, so far as the indictment and facts are concerned. Both cases were tried in Dallam County and by the same judge. The indictment against both Burk and appellant covered the identical transaction with same number and character of counts. The State's case is that the Coon Brothers owned a large pasture in Hart-

ley County, which adjoined Dallam County, and had about sixty head of horses in said pasture: some of the horses were partnership property and others belonged individually to the two brothers, R. S. and W. H. Coon. R. S. Coon lived in the State of Colorado, and W. H. Coon lived in Fort Worth, Texas. A horse known as "Old King" was the individual property of R. S. Coon. Appellant's conviction, as was Burk's, was based on the taking of this horse. O. M. Linn had general supervision of this pasture as well as another pasture situated in New Mexico. Under Linn, as employees on the place, were Bud Maulding and Holman. At the time the horse is alleged to have been taken, to wit: in July, Linn was absent from the place and was at the ranch in New Mexico, and had been for about two weeks. About the 23rd of July, a bunch of horses were taken from the pasture, loaded on the cars at Middlewater, in Hartley County, which was near the Coon Brothers' ranch, and a station on the Rock Island Railway, and shipped thence to Kansas City, Missouri, through Dallam County. Quite a number of these horses were found and identified in Kansas City and Eastern Illinois. Among the number the horse in question "Old King." It is shown that Maulding, appellant and Burk, and perhaps others participated in the taking and shipping of the horses. In Burk's case the conviction was for embezzlement under practically the same state of facts as appellant in this case was convicted of the theft of the horse. There can be no question under the testimony that if appellant is guilty Maulding was equally guilty, and the grand jury both of Hartley and Dallam Counties believed so sufficiently strong to indict both, as they did Burk. If Burk was guilty of embezzlement under the facts, because of his receiving the consent of Maulding and assisting Maulding in appropriating the property, then appellant could not be guilty of theft. Appellant and Burk were both recognized by Brewer, the railroad agent at Middlewater, as two of the parties who shipped the horses from Middlewater to Kansas City. That Maulding had possession of the property in the absence of Linn, the right to handle them, is sufficiently shown by the testimony of Linn. Linn had gone to the New Mexico ranch of which he was also in charge, about the 8th of July, and did not return until some time about the middle of August. About the 23rd of July, Maulding, appellant and the others are shown to have shipped the horses as above stated. If appellant took the horse with Maulding's consent, or drove him out of the country in connection with Maulding, even with the purpose of appropriating him, he would not be guilty of theft, because of the consent of Maulding. Therefore, we hold, in accordance with the decision in Burk v. State, 95 S. W. Rep., 1064, that this is a case of embezzlement and not of theft.

There is another question in the case shown by bill of exceptions necessary to be noticed. Appellant filed a plea or a demurrer, at least an instrument in writing, calling the attention of the court to the fact that appellant was indicted for the same transaction in Hartley

County, which indictment was filed in Hartley County some time prior to presenting this indictment in Dallam County. Appellant's contention is that by reason of this prior act of the District Court of Hartley County, that court had acquired jurisdiction of the case and appellant having been arrested by virtue of process issued under that indictment, and given bond for his appearance before the District Court of Hartley County, therefore that court had jurisdiction to the exclusion of the District Court of Dallam County. The court overruled this plea, and placed him upon trial, which resulted in his conviction. We are cited to the Act of the Twenty-Eighth Legislature, p. 194, which reads as follows: "Article 63. The following courts shall have jurisdiction in criminal actions: first, the Court of Criminal Appeals; second, the district courts; third, the county courts; fourth, the justice's courts and the mayors' and other courts of incorporated cities and towns: provided that when two or more courts have concurrent jurisdiction of any offense against the penal laws of this State, the court in which indictment or a complaint shall first be filed, shall retain jurisdiction of such offense to the exclusion of all other courts." It is contended that by reason of the peculiar verbiage of this statute, that Hartley County had obtained jurisdiction to the exclusion of the District Court of Dallam County, or any other district court in Texas. We understand there is a distinction recognized between the jurisdiction of the subject matter and of the person; that there is a distinction to be recognized between the subject matter and venue. And for the purposes of this case it may not be necessary to enter into any discussion of this distinction. We understand that this statute clearly indicates that where the district court and the county court have concurrent jurisdiction, that the court which first obtains jurisdiction of a case will hold it to the exclusion of the other. So where the county court and the justice court or other inferior court may have concurrent jurisdiction, the court first obtaining jurisdiction shall hold it. This statute has gone to the extent of making that jurisdiction exclusive, so far as holding the party for trial. It is not clear to our minds that this statute does not embody the further idea that if the district court shall have obtained jurisdiction of the person rightfully, that it will hold it to the exclusion of any other district court. Article 240, Code Criminal Procedure, provides, the offense of embezzlement may be prosecuted in any county in which the offender may have taken or received the property, or through or into which he may have undertaken to transport it. Article 235 provides, "Where property is stolen in one county and carried off by the offender to another, he may be prosecuted, either in the county where he took the property or in any other county through or into which he may have carried the same." Of course, these statutes apply to the venue in the prosecution of the offenses of theft and embezzlement, and by their express terms, parties guilty under either statute may be indicted under the terms of that statute. If the party is charged with theft he may be indicted in the

county where the property is taken or in any county through which he may have carried it, or the county into which he may have carried it; and the district court would have jurisdiction of the indictment in any of those counties where a bill of indictment is returned. So under the statute in regard to embezzlement, the court into which the indictment may be returned may have jurisdiction under the terms of the statute. But this language does not provide that the party shall be indicted or even may be indicted in every county where he has been in possession of the property. The question of jurisdiction in a qualified sense applies as well in matters of venue as in regard to subject matter. Every district court in Texas would have jurisdiction of the crime of theft of a horse or the embezzlement of a horse, because both are felonies. But the jurisdiction of that court cannot attach until, first, the property has been within the terms of the statute in the county; and second, that the indictment has been preferred. It takes these steps, at least the return of the indictment, to attach the jurisdiction of a district court.

In Schindler v. State, 15 Texas Crim. App., 394, it was held that a party could not set up a special plea in bar of a prosecution in one county, where a previous indictment for the same offense had been preferred in another county. An inspection of the case will show that the only reason assigned was, that the statute did not authorize this character of special plea. The court deciding that case was constituted of great lawyers, recognized by the bar of this State as being of the highest order of ability, and the writer of that opinion (Judge Hurt) was a conspicuous member of that court. That case has been followed by other cases, which are not here specifically mentioned. We do not believe the Schindler case is correct. While it is true that the statute does not specifically authorize such a plea in bar, that proposition does not meet the question as we view it. There are many questions where special pleas, demurrers and matters of that sort are not specially provided by statute, nor do we think it requisite that they should be. Our courts have been forced to hold that the question of jeopardy, although not provided as a special plea, is one by reason of the Constitution, and the courts have gone further and held, that wherever constitutional rights are involved the accused is authorized to interpose special pleas. The extent to which article 235, supra, goes is to confer jurisdiction, so far as venue is concerned, upon the district court in any county, from which a horse is stolen, or through or into which the taker may have carried it after being so stolen. It does not require either directly or indirectly, that he shall be indicted in each of these counties. Nor does it provide that he may be indicted in more than one of such counties. It simply confers jurisdiction upon the district court of such counties to entertain the trial upon indictment. The rule is well recognized in civil matters, where different counties may entertain venue, that the county where the suit is first brought will maintain this jurisdiction to the exclusion of the

other counties; and this under statutes similar to those in regard to theft and embezzlement above cited. There can be no substantial difference in the construction of statutes in regard to civil and criminal cases, in regard to venue, unless those statutes expressly have different provisions. But where they are substantially the same in regard to conferring authority upon the different counties to entertain such venue or jurisdiction, the construction will be the same in both civil and criminal. It does not require authority to support the proposition in regard to civil cases. They are numerous in this State. To give a construction to articles 235 and 240, supra, that would authorize the indictment of a party in a great number of counties for the same offense, would certainly, to say the least of it, prove more than a hardship to such parties as may be charged with crime, especially when they could only be tried in one of such counties. To illustrate, a horse is taken in Texarkana, Bowie County, and is carried by the thief on board a car on the International and Great Northern Railroad, through Texas and into Mexico at Laredo. This would authorize indictment against the party in every county from the starting point to where the train passes across the Texas border. Each one of these would require a bond. This would be tantamount in nearly all cases to a refusal of bail, and for only one offense, while he could not be tried in but one of said counties, because a conviction or acquittal in either of the counties would at once bar the further prosecution in all of the remaining counties. Under the civil statute a case of damage against the same railroad might be brought in any county through which it runs, yet our courts hold that the county in which the suit is brought or to which its jurisdiction attaches by reason of the bringing of such suit will hold it to the exclusion of the others—that is, where the parties interpose their plea. We therefore believe that Hartley County having acquired jurisdiction of the case and appellant asserting his right to be tried in that county, by reason of the prior indictment, his contention should have been sustained. But we do not hold that if he had not interposed his plea, the judgment of Dallam County would therefore be illegal. The party under such circumstances must assert what he believes to be his legal rights in the premises, and he can waive venue in matters of this sort as well as he could in civil cases. By operation of this decision Schindler's case, supra, and that line of cases will be construed as overruled.

Judgment is reversed and the cause is remanded.

*Reversed and remanded.*