JOSHUA ROGERS v. STATE.

No. 2271.    Decided February 12, 1913.

**Theft—Venue—Statutes Construed.**

Under Article 245, Revised Code Criminal Procedure, where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried the same. Following Pearce v. State, 50 Texas Crim. Rep., 507, and other cases.

Appeal from the District Court of Terrell. Tried below before the Hon. W. C. Douglas.

Appeal from a conviction of theft of property of value over $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for theft of property over the value of $50, the punishment being assessed at two years confinement in the penitentiary.

The question of venue seems to be the main proposition relied upon. The facts show that the money was taken from the alleged owner, Ruiz, in either El Paso County or in the county of Jeff Davis. The property was alleged to have been taken by the train porter from Ruiz, who was a traveler. Ruiz walked into the water closet and hung his coat upon the door knob on the inside. In handling the water-works in the closet in some way he failed to manipulate it correctly and called the porter. He walked out, forgetting his coat, but finally went back in a few minutes and the location of the coat had been changed and his pocket-book had been taken which contained $260 in Mexican money, worth something like forty-eight cents on the dollars in American money. There is some evidence going to show at one station further down the road the person of appellant was examined but the money not found. After reaching the end of the division, Sanderson in Terrell County, the officer at that point, made another examination and found the money in a bag, or connected with a bag which contained some pillows which appellant, as train porter, used for the accommodation of passengers on the trains. It was evidently the same money the traveler had lost, consisting of two one hundred dollar bills and three twenty dollar bills in Mexican money. The proposition that appellant asserts is that the venue was not in Terrell County, but at the point where the money was taken,—El Paso, Jeff Davis, or some other point before reaching Terrell County. There is no merit in this contention. The statute, Article 245, Revised Code Criminal Procedure, provides, "that where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried the same." It has been held that this statute applies to thefts other than those committed from the person. See Clark v. State, 23 Texas Crim. App., 612 and cases there cited; Pearce v. State, 50 Texas Crim. Rep., 507.

We are of opinion that the evidence is sufficient and the venue is properly laid in Terrell County.

The judgment is affirmed.

*Affirmed.*