## FEBRUARY, 1914.

### J. A. PITTCOCK v. THE STATE.

No. 2971. Decided February 4, 1914.

1.—Assault to Rape—Aggravated Assault—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of assault and attempt to rape, the court simply submitted aggravated assault for which defendant was convicted upon sufficient evidence, there was no error.

2.—Same—Charge of Court—Intent.

Where, upon trial of aggravated assault, the evidence showed that the defendant approached the bed of the prosecutrix and tried to remove her hands, which she held in front of her face, there was no error in refusing a requested charge that unless such placing of defendant's hands upon the person of said prosecutrix arose from the fact of inducing her to have carnal intercourse with him, to acquit.

3.—Same—Jurisdiction—Other Prosecutions.

In the absence of a plea to the jurisdiction of the District Court, under an indictment for assault to rape, that defendant had been charged for the same offense by information with an aggravated assault in the County Court, the contention that the County Court had jurisdiction of the offense before the indictment was returned in the District Court could not be considered; besides, it was not shown that the County Court had first obtained jurisdiction of the person of defendant. Following Pearce v. State, 50 Texas Crim. Rep., 507.

Appeal from the District Court of Stonewall. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and one month's confinement in the county jail.

The opinion states the case.

*W. H. Murchison* and *W. J. Arrington,* for appellant.—On question of other prosecution: Johnson v. State, 148 S. W. Rep., 300; Taff v. State, 155 S. W. Rep., 214.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of jurisdiction: Bailey v. State, 11 Texas Crim. App., 140; Schindler v. State, 15 id., 394; Bonner v. State, 29 id., 223; Pearce v. State, 50 Texas Crim. Rep., 507; Robinson v. State, 53 id., 567.

DAVIDSON, JUDGE.—The indictment contains two counts, one charging assault with intent to rape, and the other an attempt to rape. After the testimony was concluded the court only submitted the issue of aggravated assault, instructing the jury that all charges of assault to rape and attempt to rape were withdrawn from their consideration.

The evidence, in brief, discloses that the alleged assaulted party was a young lady teaching school in the neighborhood and boarding in the family of appellant. Appellant's wife left home to be gone a few days, stating she would be back on a certain day provided it was a bright day. The prosecutrix, during the absence of appellant's wife, spent her nights at the residence of Frank Davidson. The day for the return of appellant's wife came. It was a beautiful day, and thinking she would return to her home on that particular evening, as she had stated, prosecutrix returned to appellant's house and spent the night. Appellant's wife did not return, and prosecutrix says the reason she spent the night she did not expect her to return until late, and it was too late, when she ascertained she would not return, for her to leave her boarding place; so she occupied her room that night. After she had retired along about 10 o'clock or little later, appellant raised quite a commotion, making considerable noise, and holloaing that somebody was trying to kill him or break in the house, and went to the door of prosecutrix's room and inquired if his gun was in there; that somebody was trying to break in the house; any way, showing he was frightened and wanted his gun. Finally the gun was found in the room, and he entered to get it. Prosecutrix suggested to him, when he informed her of the trouble, he should light a lamp. This he declined on the ground if he did somebody would shoot him; that he had a great many enemies in the country. One word led to another, and finally he said he wanted to occupy the bed with her— sleep with her that night. She declined this, and says it horrified her so she could not speak and threw her hands up over her face and began crying. He approached the bed and removed her hands from her face. She indignantly threw his hands from her. Perhaps it would be better here to use her language. She says: "He just kept on talking and talking, and finally he said, 'Hadn't I better sleep here with you, can't I get in here and sleep with you,'—yes, sir, he said it. When he said that I just couldn't say anything, I was just simply dumb, I couldn't say anything. I was trying to holler but I couldn't and I was trying to tell him no, but I could not tell him at all, but I guess that I did make some kind of a noise. I had my hands over my face, and he took hold of my hands and pulled them off my face, and I had rather have had the most poisonous serpent on earth wrapped around me than to have had those vile and wretched hands on me. When he laid his hands on me he pulled my hands off my face and I jerked away from him, and he asked me again if he couldn't and told him, certainly he could not." On cross-examination with reference to this particular matter she testified: "Yes, sir, at the time that he suggested that he had better sleep with me it shocked me so that it rendered me speechless. I then put my

hands over my eyes, my face. He then caught hold of my hands and pulled them away from my face. He then said, 'I can't stand to see you cry; oh, are you crying, I can't stand to see you cry.' I jerked my hands away. Yes, sir, that is the only time that he put his hands on me that night." This is a sufficient statement of the evidence to review the questions suggested for revision.

Appellant requested the following instruction: "You are charged that a mere invitation or request from a man to a woman to have intercourse with him, does not constitute an offense punishable under the law. So, if you should find from the evidence, that on the occasion under investigation, that the defendant did request or invite the said Annie Mae Higgins, to have carnal intercourse with him, you will acquit him, unless you should find from the evidence beyond a reasonable doubt that at the time alleged in the indictment he committed an assault upon the said Annie Mae Higgins, as such is defined by the court in his general charge." Also the following charge was requested: "If you find from the evidence in this case, that the defendant at the time alleged in indictment, and by his conduct produced upon the prosecutrix, Annie Mae Higgins, either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind, you are charged that before you can convict defendant of an assault, you must find from the evidence beyond a reasonable doubt, that such pain, sense of same, constraint, or other disagreeable emotion of the mind, was produced from the act of defendant placing his hands upon the person of said prosecutrix, if you find he did place them on her, and did not arise from his request, if any, to get in bed with her."

The court charged the jury in this connection, in the third subdivision, fully with reference to the matter of constraint, sense of shame or other disagreeable emotion of the mind, in connection with the further fact of catching hold of her hands while she was in bed. He further charged the jury that they must believe beyond a reasonable doubt defendant did make an unlawful assault upon the person of Annie Mae Higgins, without her consent and against her will, by catching hold of her hands while she was in bed, with intent only of inducing her to have carnal intercourse with him, and that he was then and there an adult male and prosecutrix was a female, and unless they believe that said assault if so made upon prosecutrix caused constraint, a sense of shame, or other disagreeable emotions of the mind, they would acquit. We are of opinion that the court's charge was a pertinent application of the law to the facts, and equally so as those requested by the appellant so far as the facts of the case are concerned. We are further of opinion that it was not necessary nor called for by the facts, that the jury should be charged only with reference to a request to have intercourse with the prosecutrix. If that was the only thing that occurred or that was an issue the charge would have been pertinent, but that was not presented in the case as made by the facts. The request was accompanied by the fact of removing the hands. If he had not touched her, appellant's special charge in this

respect would have been called for by the facts, and there would have been a failure to prove a case of assault. But under the facts of the case we have detailed, we are of the opinion that as far as the requested charges are correct, they were given, and the court was not in error in failing to limit his charge to the request to have intercourse.

Appellant contends that the County Court had obtained jurisdiction of this offense before the indictment herein was returned into court. This matter was not called to the attention of the court by any plea or motion, and was suggested only by the introduction in evidence before the jury of the complaint and information filed in the County Court. The statement of facts shows this: that the defendant offered the affidavit and information charging him with aggravated assault filed in the County Court on 17th day of March. The indictment was returned into court on 24th day of April, afterward. The complaint and information were introduced in evidence before the jury. As before stated, there was no plea to the jurisdiction of the District Court under article 63 of the Revised Code of Criminal Procedure, which provides that the court first obtaining jurisdiction of the case shall try it to the exclusion of other courts. We are of the opinion that in order to have raised this question properly, it should have been called to the attention of the court in some way by plea to the jurisdiction or setting up the fact that he had been previously charged with the offense in some other court having jurisdiction of it. Again, the matter is not sufficiently presented in this: that the record fails to show that the County Court had ever obtained jurisdiction of appellant. As we understand this statute, the court must first obtain jurisdiction of the case. Had the County Court obtained jurisdiction of the person, the question might have presented serious trouble, but there is nothing in the record to show he had ever been arrested in the County Court, or that that court had in any way obtained jurisdiction of appellant's person. The District Court did obtain jurisdiction, for it tried him. Under the case of Pearce v. State, 50 Texas Crim. Rep., 507, the proposition was laid down that the jurisdiction under the particular statute referred to, article 63, supra, attaches in the county where the prosecution is first begun, and the party arrested, and the defendant may set up by proper pleading the question of jurisdiction, or he may waive such right. In the Pearce case the plea in limine called the court's attention to the fact that he was indicted for same transaction in another county, which legally had jurisdiction, and that such jurisdiction had attached, and the court overruled it. In other words, the plea was filed and it set up the fact the other court had obtained jurisdiction of the case. Where that is shown the first court would hold jurisdiction to the exclusion of the other court having concurrent jurisdiction. Under the propositions laid down in Pearce v. State, supra, and also in Taff v. State, 69 Texas Crim. Rep., 528, 155 S. W. Rep., 214, we are of opinion there was no error committed by the court in this matter. These are the questions presented for revision, and the error, if error at all, is not of that nature that would require a reversal of the judgment.

We think the charges are sufficient to present the issues of the case made by the facts, and that the pleading to the jurisdiction of the District Court was not presented as required by the law, and failed further to show, even had it been presented, that the County Court had jurisdiction of the person. For a discussion of all these matters see the two cases, Pearce and Taff, supra.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*