## Ex Parte Sam Lowe.

No. 7822. Decided May 2, 1923.

Rehearing Denied May 23, 1923.

### 1.—Habeas Corpus—Lunacy Trial—Capias—Felonies.

Where relator was in jail awaiting a trial for lunacy in the County Court, a warrant was issued by the district judge of another county, and commanded relator to be delivered for trial on felonies theretofore pending, whereupon, relator made original application for writ of *habeas corpus*, and this court directed the sheriff who held relator to produce the person of relator before this court, to which the sheriff responded in his return that after he took relator into custody and while in jail in his county, there were returned indictments against the relator for felonies all of which are now pending. *Held*, that relator be remanded to custody.

### 1a.—Same—Bench Warrant—Common Law.

While there is no statute under which the warrant could be issued the practice of issuing a bench warrant is also authorized under the common law.

### 2.—Same—Rule Stated—Habeas Corpus.

A party's right to the writ of *habeas corpus* does not depend upon the legality or illegality of his original caption, but upon the legality or illegality of his present detention. Following Ex parte Trader, 24 Texas Crim. App., 396, and other cases.

### 3.—Same—Additional Capiases—Habeas Corpus.

The additional *capiases* in the hands of the sheriff of Hill County, as shown by his uncontroverted return, upon indictments for felonies against the relator, precludes this court in *habeas corpus* proceeding from releasing him from custody.

**4.—Same—Rehearing—Legal Restraint.**

Where relator is shown to be now held in custody by the sheriff of Hill County under *capiases* regularly issued, and in which he has not given bond charging defendan with felonies, this furnishes a sufficient authority to the sheriff of Hill County for the restraint of the applicant and for holding him in custody until he does make such bond or otherwise is legally relieved from restraint.

From Hill County.

Original application for writ of habeas corpus asking release from arrest by the sheriff of Hill County.

The opinion states the case.

*Lud Williams, Williams & Williams,* and *Frazier & Averitte,* for applicant.—Cited Boone v. Riddle, 86 S. W. Rep., 978.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, and *Will M. Martin* for State.—Cited Ex parte Copeland, 26 Texas 387; Ex parte Trader, 24 Texas Crim. App., 393; In re Johnson, 167 U. S. 120; Ex parte Davis, 103 S. W. Rep., 891.

MORROW, PRESIDING JUDGE.—This is an original application for writ of habeas corpus

On the 9th day of April, by a complaint fully complying with the statute, the relator, Sam E. Lowe, was charged with lunacy in the County Court of McLennan County, in which county he resided at the time. A warrant was immediately issued under authority of the county judge, and under it the relator was taken in custody by the sheriff of McLennan County and held to await his trial for lunacy, which was set for the 13th day of April. Prior to the 9th day of April, the relator was a citizen of Hill County and there were pending against him in that county various criminal cases in which he was charged with felonies and in each of which he had given bond, in the terms of the law, for his appearance in said court at the trial of the cases mentioned. The District Court of Hill County was in session and one of the cases mentioned, No. 13808, was by a previous order of the court, set for trial on the 13th day of April at nine o'clock in the morning. Learning that the relator was charged with lunacy in McLennan County and that he was incarcerated awaiting his trial under that charge, which trial was to take place on the 13th day of April, the District Judge of Hill County issued a warrant directed to the sheriff of McLennan County commanding that the relator be delivered to the sheriff of Hill County to the end that he might be present and attend his trial in the District Court of Hill County. Upon the presentation of this warrant the sheriff of McLennan County surrendered the relator into the custody of the sheriff of Hill County, who since that time has held the relator in jail in Hill County.

On the 18th day of April the relator presented to this court his application for a writ of habeas corpus, it having previously been presented to the District Judge of McLennan County, who declined to issue. Accompanying the application to this court were statements of facts signed and agreed to by counsel for relator and the County Attorney of McLennan County and attested by the County Judge of that conty; and there was later filed an additional statement of facts or admission signed by counsel for relator and by the Assistant County Attorney of Hill County. Upon the presentation of the application and the statement of facts mentioned to this court, permission to file them was given and the matter set for hearing on the 18th of April. Upon such hearing, this court directed the issuance of a writ of habeas corpus to the sheriff of Hill County commanding that he produce the person of the relator before this court on the 25th of April. Responding to this writ, the sheriff of Hill County has filed his return from which it appears that after he took the relator into custody by virtue of the warrant issued on the 11th day of April described above, and while the relator was incarcerated in jail in Hill County, there were returned into the District Court of Hill County indictments against the relator for felonies in causes Nos. 13822 and 13823; that on the 19th day of April a number of additional like indictments were returned against him in that county, all of which are pending at this time.

It is insisted that under the warrant issued by the District Judge of Hill County no right exists for restraining the relator for the reason, first, that the writ is not one known to the law; second, that it was prematurely issued; and third, that its intent and effect was to invade the jurisdiction of the County Court of McLennan County to try the accused for lunacy. We know of no statute in terms directing the issuance of the warrant in question, but at common law and in practice, a warrant issued from the bench or court for the arrest of a party is denominated a "bench warrant." Webster's Dict. See also Cyc. of Law & Proc. Vol. 12, p. 343. It is the writ used to compel the attendance in cases of contempt committed out of court (Cyc. Vol. 9, p. 39) and for other similar purposes. (Cyc. Vol. 40, p. 2163.) It is also the writ used to bring a convict confined in the penitentiary to trial in another case. See Hernandez v. State, 4 Texas Crim. App. 425; Gaines v. State, 53 S. W. Rep. 623; Washington v. State, 1 Texas Crim. App. 647; Ex parte Jones, 38 Texas Crim. Rep. 142.

The relator not being in default upon his bail bond, the issuance of the warrant for his arrest may have been premature. It is conceived that the facts do not call for an authoritative announcement upon that question. At the time the writ of habeas corpus was applied for and at the time that it was issued, there were other capiases in possession of the sheriff of Hill County and these prima facie au-

thorize the detention of the relator. "A party's right to the habeas corpus does not depend upon the legality or illegality of his original caption, but upon the legality or illegality of his present detention." Ex parte Coupland, 26 Texas 387; Ex parte Trader, 24 Texas Crim. App., 396; Ex parte Rodriguez, 39 Texas 748; Ex parte Kearby, 35 Texas Crim. Rep., 634; Ex parte Alderete, 83 Texas Crim. Rep. 362. The additional capiases in the hands of the sheriff of Hill County, as shown by his uncontroverted return, upon indictments for felonies, preclude this court in habeas corpus proceeding from releasing him from custody. Code of Crim. Proc., Arts. 204 and 224. It is moreover provided by statute that on habeas corpus hearing if it appear that there is probable cause to believe that an offense has been committed by the accused, "he shall not be discharged although the warrant of confinement be void." Code of Crim. Proc., Arts. 205 and 206. We conceive the inquiry, therefore, to turn upon whether there is a conflict of jurisdiction between the County Court of McLennan County and the District Court of Hill County and whether this proceeding is appropriate to determine that question. Our statute provides in substance that when two or more courts have concurrent jurisdiction of any offense against the penal laws of this State, the court in which the indictment or complaint shall first be filed shall retain jurisdiction of said offense to the exclusion of all others. Art. 63, Code of Crim. Proc. When the facts bring a case within the purview of this statute, it is available to the accused in a plea to the jurisdiction. Pearce v. State, 50 Texas Crim. Rep. 507; Pittcock v. State, 73 Texas Crim. Rep., 1, 163 S. W. Rep. 971; Wrenn v. State, 82 Texas Crim. Rep. 647. A lunacy not being a criminal case apparently is not embraced in the statute. Aside from the statute, it is necessary to the orderly administration of justice that the courts having concurrent or coincident jurisdiction so proceed that conflicts with one another over the right to try a particular case will not occur. This principle is best observed by according the court first acquiring jurisdiction the precedence. Corpus Juris, Vol. 29, Sec. 112, p. 116. In the absence of a statute, however, declaring that the jurisdiction is exclusive in the court first acquiring it, it is not our understanding that the selection of the tribunal in which the trial is to take place rests with the accused. Willoughby on the Const., Vol. 2, p. 204; Ex parte Mason, 105 U. S. 696; Funk v. State, 84 Texas Crim. Rep. 402. In the instant case, the controversy is not between the respective courts but it is insisted by the relator that he has a right to demand that the inquiry as to his sanity be made in the County Court of McLennan County in which the complaint charging lunacy was first filed. Primarily, the question of insanity and the custody of the persons and estates of lunatics is placed by the Constitution with the County Court. See Sec. 16, Art. 5, of the Const. Facilitating the disposition of cases of this kind, the Legislature has enacted Article 150 of the Revised

Statutes, which provides in substance that upon information under oath being presented to the county judge asserting that an individual in his county is a lunatic and that he should be placed under restraint, or that he is a convict, the county judge, if he believes the information to be true, "shall forthwith issue a warrant for the apprehension of such person and shall fix the date and place for the hearing and determining of the matter, which place shall be either in the court house, at the residence of the person named or at the State penitentiary as the county judge may deem best for such person." The District courts are given jurisdiction of all felonies and power to issue all *writs necessary to enforce their jurisdiction.* Art. 5, Sec. 8 of the Const. The Legislature has declared that no person shall be tried for a criminal offense while he is in a state of insanity. Penal Code, Art. 39. Under this provision of the statute, it is within the jurisdiction of the District Court and its duty, upon proper information, to determine the issue of insanity upon a jury trial preliminary to the trial of the criminal offense. Guagando v. State, 41 Texas Rep. 626; Ex parte Trader, 24 Texas Crim. App. 397; Holland v. State, 52 Texas Crim. Rep. 161; See Note 38, L. R. A. 582.

It seems, therefore, that the two courts in question in this matter have simultaneous jurisdiction to determine the issue of lunacy. See Re Hosford, 11th A. L. R. 142. We understand that a judgment of lunacy in the County Court is not conclusive against a subsequent inquiry in the District Court. Witty v. State, 69 Texas Crim. Rep. 125; 153 S. W. Rep. 1146; Norman v. State, 91 Texas Crim. Rep., 486, 230 S. W. Rep. 990. The jurisdiction of the County Court in lunacy matters includes not only the determination of the capacity to commit crime but whether one is non compos mentis to a degree that requires guardianship of his estate. The necessity to determine the sanity of an individual may exist pending the call of this case in a criminal action. For example, the health of the accused or the violence of the mania with which he is afflicted or the delay incident to awaiting the call of the criminal action may render it imperative that the issue be tried antecedent to the criminal case. The same provision of the Constitution which confers upon the County Court jurisdiction of minors, idiots, lunatics and persons of non compos mentis, also contains the following:

"* * * and the county court or judge thereof shall have the power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court; to issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the county court or any other court or tribunal inferior to said county court."

Construing this provision in the case of a minor child, this court said:

"Even if the power to issue the writ must be limited to cases in

which that process is necessary to enforce the jurisdiction of the court, we think this case would come within the scope of such power. County courts have general jurisdiction over the persons and estates of minors, and the father is the natural guardian of his minor child, and has the right, we think, to invoke by habeas corpus the enforcement of his authority as such guardian by the county court, or a judge thereof, when the minor is held in custody by a person not entitled to the guardianship of his person.'' (Stirman v. Turner, 16 S. W. Rep. 787.)

If, in the instant case, the County Court of McLennan County had issued a writ or process with the view of enforcing its jurisdiction to try the lunacy case pending against the relator and obedience to such writ had been refused by the person having custody of relator, the matter would come in a different light from that in which it is now before us. The custody of the relator was surrendered by the sheriff of McLennan County, and when this writ of habeas corpus was applied for, relator was in custody of the sheriff of Hill County under process duly issued on indictments for felonies.

This court, as stated above, is without power to release the relator. (Code of Crim. Proc., Art. 204). He is held under valid process, has not been refused bail, and this court feels constrained, under the facts and the law as it is conceived, to remand him to the custody of the respondent.

*Remanded to custody.*

ON REHEARING.

May 23, 1923.

LATTIMORE, JUDGE.—We regret it if we did not make our position clear in our original opinion. Applicant is in jail in Hill County, Texas, in the District Court of which county there are pending against him a number of felony cases. In some of these he has made bond; in others he has not. There is no attack made upon the fact that he is now held in custody by the sheriff of said county under capiases regularly issued in those cases in which he has not made bond. We are unable to perceive why this does not furnish sufficient authority to the sheriff of Hill County for the restraint of applicant and for holding him in custody until he does make such bond or otherwise is legally relieved from restraint.

There is before us no question of conflict of jurisdictions. Nothing in fact is before us except a complaint on the part of applicant of the manner in which the sheriff of Hill County obtained custody of his person. We can not be called on in a proceeding which merely questions the legality of the present custody and restraint of appellant, to go afield into a discussion and decision of matters and questions not involved. The return of the sheriff of Hill County on file in this

record shows that his custody of applicant is by virtue of capiases regularly issued in pending felony cases in said county. This fact is not controverted. This court can do no more than to overrule the motion for rehearing and reaffirm its order remanding applicant to the custody of the sheriff of Hill County.

*Overruled.*