HIRAM WRIGHT v. THE STATE.

No. 16568. Delivered March 28, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*Lewis O. Orsborn,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is swindling; penalty assessed at confinement in the penitentiary for two years.

Appellant presented a plea to the jurisdiction, claiming that there was another case upon the same facts pending in the District Court of Smith County. There is no proof of the truth of the plea further than the fact that it is verified by the affidavit of the appellant. See Texas Jur., vol. 12, p. 416, sec. 131; also p. 653, sec. 312; p. 655, sec. 313, and p. 656, sec. 314.

In article 64, C. C. P., 1925, it is said: "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts."

Appellant asserts in his affidavit that the court in Smith County had prior jurisdiction of the case. His affidavit is a mere predicate for proof. In order to require the court to sustain the plea proof of the facts by some approved form of testimony would be essential. There is some confusion in the precedents touching just what steps are to be taken by the court when proper proof is made of the truth of an averment such as that under consideration. See Schindler v. State, 15 Texas App., 394; Pearce v. State, 50 Texas Crim. Rep., 507. There is no conflict, however, in the authorities upon the proposition that a plea such as that presented by the appellant does not prove itself, but that in the absence of proof of the necessary facts to show that the district court of Smith County properly had taken prior jurisdiction of the offense for which the appellant is on trial, the plea is not proved, and there was no error in refusing to sustain it on the mere pleading.

The facts heard in the trial court are not brought up for review, in the absence of which we are bound to presume that the charge of the court was in accord with the law bearing upon the evidence. No irregularity in the proceedings has been perceived. Nothing in the motion for new trial is shown which

would authorize this court in the state of the record to interfere with the verdict.

The judgment is affirmed.

*Affirmed.*

# MAY 16, 1934

The opinion states the case.

*Woodard & Edgar,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.