JOHN RINGER and B. C. RINGER v. THE STATE.

No. 19548.   Delivered June 22, 1938.
Rehearing denied November 30, 1938.

The opinion states the case.

*Glenn Capps, Roscoe Runge,* and *Carl Runge,* all of Mason, for appellants.

*George W. Outlaw,* District Attorney, of Sweetwater, *Weaver H. Baker,* of Junction, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for fraudulently receiving and concealing stolen sheep. Punishment is assessed at confinement in the State Penitentiary for a term of four years for each appellant.

The record shows that on or about the 28th day of December, 1936, 33 head of sheep were stolen from the ranch of David Burrow in Nolan County. A few days later, eight head of the sheep were found in the possession of appellants in Mason County and 22 head in Runnels County on premises in possession and under the control of appellants.

On the 30th day of January, 1937, the grand jury of Mason County returned an indictment against appellants which contained several counts. In one count it was charged that they stole eight sheep from Burrow, and in another it was charged that they fraudulently received and concealed eight head of sheep, knowing at the time that the same had been stolen. On the fourth day of February, appellants were arrested and each gave bond for his appearance in court to answer the charges contained in the indictment. Thereafter, on the 12th day of February, the grand jury of Nolan County returned indictments against appellants charging them in the first count with the theft of thirty head of sheep from Burrow and in the second count with fraudulently receiving and concealing said property. It will be noted that the indictment returned by the grand jury of Nolan County was subsequent to the charge returned by the grand jury of Mason County.

Thereafter, on the 12th day of May, the case was called for trial in the district court of Nolan County. Appellants appeared and filed a plea questioning the jurisdiction of said court. Attached to their plea were certified copies of the indictment returned against them in Mason County. They offered proof to support their plea, showing that the offense charged in the indictment in Mason County and the one in Nolan County were the same; that it involved the same transaction and the same subject matter. They also offered in evidence certified copies of the indictment then pending against them in Mason County and proved by Trammel Wilson that on the night of December 28, 1936, he and Frank Barfield went to Burrow's ranch in Nolan County in a truck and stole 33 head of sheep, all ewes, and took them to San Angelo. It appears that it was agreed by the State that if Frank Barfield was present in court that he would testify that he sold all of said 33 head of sheep, together with other sheep, to the appellants at one and the same time. It is observed that upon the trial of the case in Nolan County, it was the theory of the State, sufficiently supported by the evidence, that appellants knew the sheep were stolen at the time they received them. The district attorney of Mason County testified that he knew that the sheep mentioned in the indictment pending against appellants in Mason County were a part of the 30 sheep mentioned in the indictment returned against them in Nolan County. That so far as he knew, the indictment returned in both counties involved the same sheep. At the conclusion of the hearing, the court overruled said plea and proceeded with the trial of the cause. Appellants, in due time, excepted to the action of the court and now bring the matter to this Court for review.

Under the foregoing state of facts we think it clear that a single transaction was involved in both counties, and a conviction in Mason County would have been a bar to further prosecution in Nolan County.

Article 64, C. C. P., provides: "When two or more courts have current jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts."

It seems obvious to us that the Legislature, in the enactment of the above quoted article, intended to prevent any confusion or contention. that might arise by courts having concurrent jurisdiction of a person and subject matter. A question similar to the one here presented was before this Court in the case of

Pearce v. State, 98 S. W. 861, and was raised in the same manner as in the instant case. In that case, as in this one, the court overruled the plea. This Court held that the plea should have been sustained. It is our opinion that the doctrine laid down in that case is correct and that it is in harmony not only with the letter, but with the spirit of the law, in preventing confusion and contentions between different courts having concurrent jurisdiction over the same offense. It is a well recognized rule in this State that a court which first acquires jurisdiction of the person and subject matter of the suit, retains it to the exclusion of any other court of co-ordinate jurisdiction. See Epps v. State, 94 S. W. (2d) 441.

Appellants also raise the question of the sufficiency of the indictment, because it charges that the appellants received the allegedly stolen property from some persons unknown to the grand jury, when, by proper diligence, those persons could have been ascertained. Under the showing made by the State, we do not feel that we would be justified in sustaining appellants' contention.

Some other questions are raised which we do not deem necessary to discuss as they might not arise again upon another trial.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The question upon which the disposition of the case turned originally gave us much concern at the time. We have examined with interest the State's motion for rehearing and the argument in support thereof, but have not been persuaded that our original opinion was wrong. We think further reasoning on the subject would not clarify the point. Counsel for the State recognized the seriousness of the question and sought to avoid it in an effort to have the cases in Mason County dismissed before the question of jurisdiction was acted on in Nolan County. The motions to dismiss in Mason County contained the following reasons:

"Comes now the State of Texas and moves the Court to dismiss the above entitled and numbered cause for the reason that an indictment has been returned by a grand jury of Nolan County, Texas, complaining of the same offense, transaction, and subject matter involved in the above entitled and numbered cause."

While the reasons stated in the motion may have been only the opinion of the representative of the State and not binding on the court; nevertheless it reflects the difficulty under which both the trial court and this Court labored in trying to reach a correct answer.

We observe that the trial court authorized a conviction if the jury believed that the thirty head of sheep had been acquired by theft in Nolan County, and that appellants in Nolan County "or *in any other county* in Texas" did receive or conceal the said thirty sheep, *"or any part thereof,"* knowing them to have been stolen. The eight head of sheep found in Mason County and described in the indictment there were surely a part of the thirty covered by the Nolan County indictment; however, we apprehend the principle would have been the same had the indictments in Mason and Nolan Counties described only "one" sheep. Unquestionably the court's charge was correct as a legal proposition, if the former venue or jurisdiction in Mason County had not intervened.

The State's motion for rehearing is overruled.