### EX PARTE HENRY LOHSE.

No. 25,868. May 28, 1952.
Rehearing Denied June 25, 1952.

*Wm. E. Davenport,* San Angelo, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator is held in the county jail of Tom Green County by virtue of a judgment and sentence dated October 3, 1950 in Cause No. 5285-B in the district court of the 119th Judicial District.

It is stipulated that petitioner was arrested by a postal inspector of the United States Government for burglary of a post office; that he was in the county jail at San Angelo as a Federal prisoner at the time of his indictment, trial, and conviction in the state court for the offense of theft of a safe from the post office at Veribest, Texas; also that there was no consent of the United States Attorney given for the trial in the state court where he was given six years sentence in the penitentiary. He was later tried and convicted in the Federal Court of the Northern District of Texas for the theft of stamps and money taken, and that the money and stamps were in the safe. It is further stipulated that he served a sentence of two years in the Federal Penitentiary and is now held under the judgment and sentence of six years above described.

Certified copies of the proceedings in both courts were also filed with the application and it is shown therein that the state conviction was on an indictment charging theft of a fireproof safe with a value of $200.00 from C. A. Roberson, which is alleged to be his personal property. A further paragraph of the indictment alleged a former conviction in Tom Green County on the 7th day of April, 1943, in the same court in Cause No. 4460-B.

The judgment in the instant case was for theft of property over the value of $50.00 and the sentence was six years in the penitentiary.

There is attached to the application also what appears to be the oral sentence as taken and transcribed by the court reporter in the Federal District Court. Judge Atwell conditioned his two years in the penitentiary at Leavenworth, "* * * to begin at the expiration of the state sentence." It appears, however, that he was released by the state to the Federal Government and that he was sent to the Federal Penitentiary before serving the Texas sentence.

Relator takes the view that he has been convicted twice for the same offense and that he is being punished by the two judgments for the same offense, contrary to the Constitution of the United States and of the State of Texas. The record shows that he plead guilty in the state court, making no reference to the fact that he was being held in jail because of the complaint filed in the Federal Court. When his case was called in the Federal Court, there is nothing to show what information Judge Atwell had of the procedure in the state court but it is quite evident he did

have such information and had passed on whatever plea was made relative thereto. No appeal was taken from his ruling and the same became final and cannot now be reviewed in that court, and certainly not in this court. If he had any rights in the matter, a question we are not called upon to pass on in this procedure, the time to claim it was when his case was called for trial. We have been cited to no authorities sustaining the contention that this court should review the matter and we know of none.

The question of credit in Texas for time served in the Federal Penitentiary is not before us.

Relator's position is denied and he is ordered to serve his sentence according to his term and legal effect.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

The ultimate question for determination in this case is the effect to be given Article 64, C. C. P., which reads as follows:

"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts."

Relator would have us hold void any proceedings had in a court which subsequently acquired jurisdiction over the person of the accused by virtue of a charge for the same offense.

We are not prepared to so hold. It has been the consistent holding of this court that, where the accused raised the question of the jurisdiction of his person by the court which had subsequently acquired jurisdiction of the offense, such a plea should have been sustained. Ringer v. State, 135 Tex. Cr. R. 573, 121 S. W. (2d) 364; and Leberman v. State, 139 Tex. Cr. R. 243, 139 S. W. (2d) 813.

It has also been the uniform holding of this court that, where the indictment in the court having first acquired jurisdiction had been dismissed, then the accused could not complain that the court which later acquired jurisdiction was not a proper tribunal to try him. Epps v. State, 130 Tex. Cr. R. 398, 94 S.W. (2d) 441; and Wright v. State, 126 Tex. Cr. R. 288, 70 S. W. (2d) 711.

It follows logically therefrom that the purpose of the statute is to prevent confusions and contentions between courts seeking to exercise jurisdiction and does not render proceedings in the second court void.

In Pearce v. State, 50 Tex. Cr. R. 507, 98 S. W. 861, in discussing a case where a plea to the jurisdiction of the court *was* actually interposed, we said:

"We therefore believe that, Hartley county having acquired jurisdiction of the case and appellant asserting his right to be tried in that county, by reason of the prior indictment, his contention should have been sustained. But we do not hold that, if he had not interposed his plea, the judgment of Dallam County would, therefore, be illegal. The party under such circumstances must assert what he believes to be his legal rights in the premises, and he can waive venue in matters of this sort as well as he could in civil cases."

Again, in Pittcock v. State, 73 Tex. Cr. R. 1, 163 S. W. 971, we said:

"* * * the defendant may set up by proper pleading the question of jurisdiction, or he may waive such right."

Had the relator wished to invoke the provisions of Article 64, he should have done so before the tribunal which tried him. He may not raise this question for the first time on habeas corpus in this court.

Motion for rehearing is overruled.