**Rudolph D. FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45230.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

Rigely, Schwartz, Fagan & Burke, Inc., by Patrick D. Burke, San Antonio (Court appointed), for appellant.

Ted Butler, Dist. Atty., Bill M. White and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for aggravated assault upon a police officer with the punishment assessed at confinement in jail for one month and a fine of $50.00.

Initially, appellant contends that the 144th District Court of Bexar County did not have jurisdiction to try and dispose of the cause as the 186th District Court of Bexar County had retained jurisdiction. He relies upon Article 4.16, Vernon's Ann.C.C.P.

The record reflects an indictment (Cause No. 70–1279) charging the appellant with assault with intent to murder with malice aforethought one Edwardo Campos was returned into the 186th District Court on September 23, 1970.

On the trial date (November 16, 1970), the State announced its intention to dismiss the indictment because it desired to seek a new indictment under the provisions of Article 1160a, Vernon's Ann.P.C. (assault to murder a police officer). The court indicated its willingness to dismiss upon this ground and instructed the State to prepare and present its written motion.

On November 24, 1970, a new indictment (Cause No. 70–1674) charging appellant under the provisions of Article 1160a, supra, and alleging Campos was a police officer was returned into the 144th District Court.

On February 1, 1971, trial commenced in the 144th District Court with Judge Peter Michael Curry of the 166th District Court presiding. The trial was before the court without the intervention of a jury on a plea of not guilty. On February 3, 1971, the State's motion to dismiss the indictment (Cause No. 70–1279) in the 186th District Court was presented to that court and was granted on February 4th.

Appellant's trial in Cause No. 70–1674 concluded on February 5, 1971, and the court entered its judgment. Sentence was imposed on February 26, 1971.

Prior to trial appellant filed a motion to quash the indictment in Cause No. 70–1674 on several grounds, among which is found the claim that his "civil rights" had been violated and he had sustained damages as

a result of the earlier indictment [1] and, if prosecuted under each cause, he would "several times be placed in jeopardy for the same offense." No plea to the jurisdiction as such was filed.

The motion to quash the indictment was denied.[2]

Article 4.16, Vernon's Ann.C.C.P., provides that

"[w]hen two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

█ Under such statute, the first court legally taking jurisdiction of an offense continues to have exclusive jurisdiction thereof but such jurisdiction can be voluntarily surrendered by dismissal of the charge, and the second court can then proceed to try the alleged offender. Ringer v. State, 137 Tex.Cr.R. 242, 129 S.W.2d 654 (1939).

█ Article 4.16, supra, was intended to prevent any confusion or contention between different courts having concurrent jurisdiction and each seeking to exercise jurisdiction and not to shield an accused from prosecution. Epps v. State, 130 Tex. Cr.R. 398, 94 S.W.2d 441 (1936). And the statute does not render the proceedings in the second court void. Ex parte Lohse, 157 Tex.Cr.R. 488, 250 S.W.2d 215 (1952).

Thus, a defendant who does not interpose a plea to the jurisdiction may waive the right to question jurisdiction. Pearce v. State, 50 Tex.Cr.R. 507, 98 S.W. 861 (1906). See also Pittcock v. State, 73 Tex.Cr.R. 1, 163 S.W. 971, 973 (1914).

In the instant case, the appellant filed no formal plea to the jurisdiction and we do not construe his motion to quash as being sufficient to constitute such a plea.[3] He appears to have waived the question he now seeks to raise.

Even if it be validly argued that such pleading did constitute a plea to the jurisdiction, there are other reasons why his contention cannot prevail.

The District Courts of Bexar County have concurrent jurisdiction coextensive with the limits of said county in all actions, proceedings, matters and causes, both civil and criminal, of which district courts of general jurisdiction by the Constitution and laws of the State of Texas, and the 144th and 186th District Courts are among those courts which are to give preference to criminal cases. See Article 199, subsections (B) and (H), Vernon's Ann.Civ.St.

█ In the instant case, the judge of the 186th District Court had indicated his willingness to dismiss Cause No. 70–1279 and it was not his intention to exercise jurisdiction. He could not, however, dismiss the cause until the State's written motion was presented to him. See Article 32.02, Vernon's Ann.C.C.P. The proceedings in the 144th District Court were not void, and

---

1. This motion also alleged that appellant had been charged on July 6, 1970 by complaint and information with aggravated assault on a police officer in County Court at Law No. 3 of Bexar County in Cause No. 182,732, the alleged offense growing out of the same transaction. Such motion further alleged that a motion to suppress had been heard in County Court and trial had been set for November 12, 1970. The indictment was subsequently returned.

2. In Robinson v. State, 53 Tex.Cr.R. 567, 110 S.W. 905, 907 (1908), the Court

said: " . . . The fact that there may be other indictments pending, charging a sale to the same person on the same day, would be no reason to quash this indictment. . . . "

3. In somewhat unusual procedure, the court permitted the appellant, after judgment, to amend his overruled motion to quash the indictment. We cannot, however, construe this motion as a proper plea to the jurisdiction under Article 4.16, supra.

the earlier indictment was dismissed prior to the conclusion of the instant trial and the entry of judgment.

Further, it should be remembered that we are not here dealing with a question of double jeopardy or the doctrine of carving out of the same transaction. There was no prior conviction.

Still further and most important, Article 4.16, supra, refers to courts having concurrent jurisdiction "of any criminal offense" as opposed to jurisdiction of the transaction out of which several offenses may develop.

The indictment returned into the 186th District Court was for assault to murder with malice aforethought brought under the provisions of Article 1160, Vernon's Ann. P.C. The indictment returned into the 144th District Court was brought under the provisions of Article 1160a, supra, a related but different criminal offense carrying different penalties.

■ Under the circumstances of the instant case and in light of the wording of Article 4.16, supra, we cannot agree that the 144th District Court was without jurisdiction to try the instant case.

Appellant's first ground of error is overruled.

■ Next appellant claims the court erred in failing to grant the motion to quash based on his contention that Article 1160a, supra, is "unconstitutionally vague, indefinite and uncertain," because its "standard of guilt, 'intent to murder', is so variable, vague and uncertain, that it is useless as a measure of criminal liability. . . . " We cannot agree.

The statute is somewhat similar to Article 1160, supra, prior to the 1931 amendment to the statute, when it defined the offense of assault with intent to murder and prescribed a single penalty. The stat-

ute involved creates only a single offense with single range of penalty regardless of whether the offense is committed with or without malice.

■■ Appellant also contends the motion to quash should be granted because the indictment failed to allege that the assault to murder upon the police officer was with malice aforethought. Malice aforethought is not an essential element of the offense denounced by Article 1160a, supra. It is, thus, not necessary to so allege in an indictment drafted under Article 1160a, supra, and nothing in Welcome v. State, 438 S.W.2d 99 (Tex.Cr.App.1969), or Galloway v. Beto, 421 F.2d 284 (5th Cir. 1970), calls for a different result. *Welcome* dealt with a construction of Article 1160, supra, as that statute is presently constituted. Galloway v. Beto dealt with our murder statute, but this court is not bound by decisions of lower federal courts. Pruett v. State, 463 S.W.2d 191 (Tex. Cr.App.1971).

Appellant also challenges the sufficiency of the evidence to sustain the conviction for aggravated assault upon a police officer, a lesser included offense of that charged in the indictment.[4]

The State's evidence reflects that on July 4, 1970, San Antonio Police Officers Campos and Lockamy, in uniform, were dispatched to 621 South San Eduardo Street as a result of a family disturbance call. Upon arrival, they talked to appellant's mother, Minnie Flores, and Juanita Sanchez, and, with Mrs. Flores' consent, went to 627 South San Dario Street where she, her husband and appellant lived to determine the husband's whereabouts. After entering the house, they found the appellant on a bed. Campos and appellant knew each other and after several inquiries about "what the trouble was," and why he was "fighting with his father," appellant began cursing the officers and demanding they leave. Unable to find appellant's father,

---

4. See Articles 37.08 and 37.09, Vernon's Ann.C.P., as well as Article 4.06, Vernon's Ann.C.C.P., and Tomlin v. State, 155 Tex. Cr.R. 207, 233 S.W.2d 303 (1950).

Campos returned to the ladies waiting in the yard while Lockamy stood in a doorway. As Campos came back to the house, appellant slammed the door against Lockamy. Appellant was then told he was under arrest. A scuffle then ensued and appellant was subdued and handcuffed during which time appellant told Campos he was going to get Campos' pistol. While Campos was taking the appellant to the patrol car, holding him in a bearhug (the handcuffed appellant pulled Campos' pistol from its holster and pointed it at Campos' groin area. Campos ran to get behind a patrol vehicle, and appellant fired five shots in his direction. Appellant was struck by three shots fired by Lockamy.

Testifying in his own behalf, appellant's version of the facts differed somewhat from that of the officers, and he did acknowledge he knew at the time that Campos was a police officer. He claimed he pushed Campos away from him near the patrol car, but denied he pulled a pistol away from him.

■ We conclude under all the circumstances that the evidence was sufficient to show assault with intent to murder a police officer as well as the lesser included offense on which the trial judge decided to base his judgment. See Hall v. State, 418 S.W.2d 810 (Tex.Cr.App.1967). There being a waiver of trial by jury, the trial judge was the trier of the facts and he determined the credibility of the witnesses and the weight to be given to their testimony.

Lastly, appellant complains that the trial court erred in failing to properly pass upon appellant's motion for probation.

Prior to trial, and, apparently, since the indictment charged a felony, and a jury trial had been waived, the appellant filed an unsworn written motion requesting the court to grant him probation, if convicted and if his punishment was assessed at less than 10 years confinement.[5]

At the sentencing hearing after the court had found the appellant guilty of the lesser included offense, the following occurred:

"THE COURT: Yes; the Court will grant probation from the Bench.

MR. BURKE: Your Honor, the defendant does give notice of appeal.

THE COURT: In view of the fact that he's filed his appeal in the case, probation is not involved in this case.

MR. BURKE: Well, the judgment of this Court, your Honor,—

THE COURT: You don't get probation if you are appealing the case.

MR. BURKE:—it's just not in effect; but the judgment is one of probation.

THE COURT: No, it isn't. You had better check your law. I made a mistake. You don't get probation if you are—

MR. BURKE: Is the Court then deferring the question until final conviction?

THE COURT: That's right; it has to be that way. I was originally in error saying that the sentence would include probation. Actually, the sentence will not include probation until it is determined."

■ Apparently, the trial judge was under the impression that he was without authority to grant probation where notice of appeal had been given and prior to the issuance of the mandate of this court. He was mistaken about such matter. See State v. Klein, 154 Tex.Cr.R. 31, 224 S.W. 2d 250 (1949); Ex parte Massie, 161 Tex. Cr.R. 568, 278 S.W.2d 851 (1955).

---

5. Where a defendant applies for probation in a felony jury trial, he must file a written sworn motion therefor stating he has never been previously convicted of a felony. Article 42.12 § 3a, Vernon's Ann.C.C.P. The same statute does not require a written motion when the trial is before the court although the practice in many courts is to require one.

If this matter was being presented on a post conviction writ of habeas corpus alleging the court had "chilled" his right of appeal by such action and that he had foregone his appeal in order to obtain probation, then we might have another question. The appellant, however, on appeal, claims he was deprived of his right to probation.

He acknowledges in his brief that since he was convicted of a misdemeanor, his right to probation would be governed by Article 42.13, Vernon's Ann.C.C.P. We agree. While the language of Article 42.12, supra, is perhaps broad enough to include misdemeanors, § 1 of Article 42.13, supra, provides that "[a]ll probation in misdemeanor cases shall be granted and administered under this Article."

■ Further, § 3 thereof requires a written sworn motion regardless of whether the probation request is to be made to the judge or jury.[6] Such motion must contain certain essential allegations and the defendant, by competent evidence, must demonstrate his entitlement to probation. The burden of proof as to an accused's eligibility and entitlement to probation is upon the accused. See Herring v. State, 440 S.W.2d 649 (Tex.Cr.App.1969).

■ In the instant case, the appellant filed no sworn motion in compliance with the statute nor offered any evidence to show he was entitled to probation under the statute. The granting of probation properly applied for rests with the sound discretion of the trial court where trial by jury has been waived. See Hall v. State, supra. *Cf.* Redd v. State, 438 S.W.2d 565 (Tex.Cr.App.1969).

■ We cannot conclude that any reversible error is reflected by the circumstances of this case in regard to the failure to grant probation.

The judgment is affirmed.

6. We are aware of the requirement that such motion be filed before trial and that, in cases where felonies are being tried, normally the requirements of Article 42.-12, supra, are followed as to motions for probation regardless of the possibility that any resulting conviction might be for a lesser and includable misdemeanor offense. We are not here confronted with a case where the probation motion, in compliance with Article 42.13, supra, is filed after a misdemeanor conviction following a felony trial, and the court denies probation after proper proof is made on the sole ground of the belated filing of the motion. Some of this should suggest to the Legislature the necessity of having one statute relating to probation.