70954. FIELDS v. THE STATE.
(342 SE2d 332)

BENHAM, Judge.

In the first count of a Fulton County indictment, appellant was charged with theft by receiving a diesel engine and a 13-speed truck transmission. The second count of that indictment charged him with

theft by taking the same items. After pleading guilty to a DeKalb County indictment charging him with theft by receiving the same transmission, appellant filed a plea of double jeopardy in Fulton County. This appeal is from an order granting his motion as to the transmission and denying it as to the engine. Both sides to this appeal point out that there is no Georgia authority on this issue, but we find the statute to be adequate to resolve this case.

The essence of appellant's argument is that since there was but one act of receiving (appellant apparently came into possession of both the transmission and the engine in Fulton County and later took the transmission to DeKalb County), there was only one crime. We believe appellant has misunderstood the pertinent provisions of OCGA § 16-8-7: "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ."

Applying that definition to the facts of this case as appellant presents them, it may be seen that there were separate violations in DeKalb and Fulton counties. In DeKalb County, appellant retained property he knew to be stolen, the transmission. In Fulton County, appellant received both the engine and the transmission. Since he has been convicted of theft by receiving in DeKalb County, the trial court in the present case correctly granted the plea of double jeopardy as to the transmission. However, there is no evidence to suggest that the DeKalb County indictment had any reference to the engine or that appellant committed any criminal act involving the engine in DeKalb County. Therefore, appellant was never in jeopardy in DeKalb County for any offense involving the engine, and his present prosecution is not barred by traditional notions of double jeopardy. Georgia's expanded double jeopardy provisions are likewise not available to appellant: he could not have been prosecuted in DeKalb County for an offense involving the engine, so OCGA §§ 16-1-7 and 16-1-8 are inapplicable.

Appellant's reliance on *Ringer v. State*, 121 SW2d 364 (Tex. Crim. App. 1938), is misplaced. There, some 30 sheep were stolen and the appellant was indicted in two different counties in which some of the sheep were found. Without discussing its rationale, the Texas court held that a single transaction was involved and that conviction in one county barred prosecution in the other. Under the circumstances of the present case, we are not persuaded that the same result pertains here. The record shows that appellant retained a stolen truck transmission in DeKalb County and was prosecuted there for that offense. He is now being prosecuted for receiving or retaining a stolen diesel engine in Fulton County. The fact that the engine and transmission may have been connected to each other while in appellant's possession does not demand the conclusion that there was a single

criminal transaction involved; that the two items were capable of being dealt with separately is conclusively demonstrated by the fact that appellant did so. In our view of the record, the two prosecutions are for two separate crimes and the present prosecution in Fulton County is not barred by appellant's conviction in DeKalb County.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 12, 1986 —
REHEARING DENIED MARCH 4, 1986 —

*Joseph E. Williams*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Russell J. Parker, Richard E. Hicks*, Assistant District Attorneys, for appellee.